(70 App. Div. 595.)

ORLICK v. ORLICK.

(Supreme Court, Appellate Division, First Department. April 11, 1902.)

TRUST—ACTION TO ESTABLISH—PARTIES.

    Plaintiff sued to ingraft a trust on the title of land which he had conveyed to his wife by deed absolute on its face. The complaint alleged that she agreed if the conveyance was made to hold the property in trust for life, apply the income in repairs of the buildings and support of plaintiff, after deducting a reasonable sum for the support of herself and her children, and to make a will devising the property to him for

life. *Held*, that the children were not necessary parties, and a demurrer to a defense setting up failure to join them as defendants, should be sustained.

Appeal from special term, New York county.

Action by Morris Orlick against Bertha Orlick. From an interlocutory judgment overruling a demurrer to the third defense in the answer, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

Saul S. Meyers, for appellant.
George M. S. Schulz, for respondent.

PATTERSON, J. The defendant, who is the wife of the plaintiff, holds the legal title to certain real estate in the city of New York which was conveyed to her by the plaintiff by a deed absolute on its face. This action is brought to ingraft a trust upon this title, the allegations of the complaint in that behalf being that the defendant induced the plaintiff to make the conveyance to her upon the representation, promise, and agreement that if the plaintiff would make such conveyance she would hold the property in trust for the term of her natural life, would apply the rents, profits, and income thereof to the repair of the buildings on the land and to the support and maintenance of plaintiff, after deducting a reasonable sum for the support of herself and her children, and would use the premises as the joint place of residence and abode of the plaintiff and defendant, and would forthwith make her will devising to plaintiff the property for the term of his natural life. In answer to the complaint, the defendant denies making any agreement whereby the property was to be charged with a trust, and claims that that property was bought with her own money, the title by mistake being placed in the name of her husband, the plaintiff, and that the conveyance to her was for the purpose of correcting that mistake. She asserts that she is the absolute owner of the premises. She then proceeds to set up as a third and separate defense that, at the times mentioned in the complaint when the contract or agreement therein set forth was alleged to have been made, the plaintiff's and defendant's family consisted of five children, and that under the allegations of the complaint the said five children have an interest in the subject-matter of the action, and are necessary parties, and should be made parties to the action, and that they have not been joined with the defendant in the action, and that, therefore, there is a defect of parties defendant. To this third defense the plaintiff demurred. The demurrer was overruled, and from the interlocutory judgment thereupon entered this appeal is taken.

Under the allegations of the complaint, the children have no such interest in the subject-matter of the action as requires that they be made parties. If there were any agreement of the character mentioned in the complaint, specific performance of that agreement, if it could be awarded at all, could be decreed without the presence in the action of those children. It was an agreement exclusively

between a grantor and grantee of real estate, expressing the condition upon which a conveyance of that real estate was made. It was a condition for the benefit of the plaintiff,—one upon which he parted with the property. The children took no interest in the land by virtue of the conveyance, and whatever contribution to their support would come from the rents, issues, and profits of the land, if the trust were declared, would come entirely through the mother, who is to take in the first instance from the rents, issues, and profits enough thereof for her and their support. They are not brought in privity with this agreement in any way. The right of the mother, under the trust as stated, would be personally to retain from the rents, issues, and profits enough to support herself and those children who receive that support through her and not independently. They cannot claim, unless it be as against her, and then only during her natural life. The purpose of this action is the establishment of the trust as against the defendant. The issue is confined to an agreement with her. If no such agreement were made the action fails, and if it were made all rights are established when the adjudication against her is made. We think, therefore, these children were neither necessary nor proper parties, and that the demurrer should have been sustained, with costs.

The interlocutory judgment should be reversed, with costs, and judgment ordered sustaining the demurrer to the third defense, with costs. All concur; VAN BRUNT, P. J., in result.