FREDERICK H. HAZARD, as Trustee in Bankruptcy of UTICA CROCKERY COMPANY, Appellant, *v.* ROSELL E. WIGHT, Respondent.

Corporations — unlawful diversion of capital by officer of corporation — such officer liable in action by the trustee in bankruptcy of corporation.

A corporation, while a going concern, incurring debts and liabilities, cannot give to a stockholder and director thereof, for the benefit of another stockholder, a part of the capital. Such an act is a violation of the statute (Stock Corporation Law, L. 1890, ch. 564, § 23) and the principles of the common law, and an officer of the corporation who participates in such act and thereby bestows upon himself a substantial part of the capital of such corporation is liable in an action at law by the trustee in bankruptcy for wasting the assets of the corporation.

*Hazard* v. *Wight*, 138 App. Div. 441, reversed.

(Argued February 10, 1911; decided April 4, 1911.)

APPEAL from a judgment of the.Appellate Division of the Supreme Court in the fourth judicial department, entered May 7, 1910, which affirmed a judgment dismissing the complaint upon the merits entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Edmund J. Wager* for appellant.   The transfers were not lawful.   (L. 1892, ch. 36, § 23 ; Code Civ. Pro. §§ 1781, 1782; *Matter of Haas Co.,* 131 Fed. Rep. 232 ; *Ward* v. *City Trust Co.,* 192 N. Y. 61 ; *R. & C. T. R. Co.* v. *Paviour,* 164 N. Y. 283 ; *Squire* v. *Oudermann,* 194 N. Y. 394 ; *Bowers* v. *Male,* 186 N. Y. 28.)   As against creditors, Wight was the actual and absolute owner of the capital stock and was not a creditor of the corporation.   (*Picalora* v. *Gulf Co-operative Co.,* 68 Misc. Rep. 331 ; *Lanning* v. *Trust Co.,* 137 App. Div. 722.)

*Vasco P. Abbott* for respondent.

COLLIN, J.   The action is to recover .moneys paid by the bankrupt corporation from its assets to the defendant while its president and a director thereof.   Under the findings of the referee, the appellant has the right, through the rule that the findings most favorable to him must dominate, to have deemed established the following facts : August 17, 1906, the Utica Crockery Company, the bankrupt corporation, was organized.   Its capital of $10,000 consisted of one hundred shares of the par value of $100 each.   The incorporation was the outgrowth of transactions and agreements immediately antecedent.   From June 21, 1906, the defendant had owned a stock in trade, consisting of crockery, and trade fixtures which he had purchased at the request of Arthur E. Wilcox and one Pike (who subsequently wholly withdrew from the transactions) at a sale in bankruptcy of one Madoc for $5,250.   Agreements relating to the purchase had been made between the defendant and Wilcox, but, it will be sufficient to state the arrangements

between them on August 17, 1906, and prior to the incorporation. Wilcox owed the defendant $6,750, represented by his note and made up of the price paid by defendant for the Madoc stock and fixtures and other items. The defendant was obligated to sell to Wilcox the stock and fixtures for the $6,750 and transfer his ownership thereof to Wilcox upon the payment thereof. The defendant and Wilcox had, however, entered into a supplemental and modifying agreement to form a domestic corporation, having a capital stock of one hundred shares of the par value of $100 each, to be fully paid by the sale to the corporation therefor by defendant and Wilcox of said stock and fixtures, but one share of the stock, each, should be issued to Arthur E. Wilcox and Annie F. Wilcox ; the defendant should transfer and turn over to Wilcox, when he paid the $6,750, the ninety-eight shares issued to him ; fifty per cent of the gross receipts from all sales in the business of the corporation should be paid to the defendant as payments upon the $6,750. The corporation was formed August 17, 1906, as already stated. The defendant was one of its incorporators and its president and a director from August 17, 1906, until June 15, 1907. The entire capital stock thereof was issued as agreed in payment for said stock and fixtures, with which the corporation began business, and the $6,750 became the purchase price of the capital stock issued to defendant. The assets turned over to the corporation were of the fair value of $17,000 and more. Arthur E. Wilcox was secretary and treasurer and managed its business and between August 17, 1906, and June 15, 1907, it paid to defendant from time to time, in accordance with the agreement of defendant and Wilcox, substantial sums out of the proceeds of sales of its assets, which he applied upon the $6,750. The action is to recover these sums. On June 15, 1907, the $6,750 having been paid or discharged, but not wholly through the moneys paid by the corporation, the defendant transferred his ninety-eight shares of stock to Wilcox and withdrew from the corporation. July 12, 1907, the corporation was adjudged a bankrupt, having liabilities largely in excess of its assets,

26

and the plaintiff became the trustee of its estate. The referee further found that defendant and Wilcox were at all times free from an intention to defraud any creditor of the incorporation and found as conclusions of law that the defendant had not converted any proceeds of the corporate assets and had received only the indebtedness running from the corporation to himself.

The conclusions of law of the referee are not supported by the findings of fact. The money due the defendant was originally owing him by Wilcox as the purchase price of the goods and fixtures which were, however, to be the property of the defendant, and not of Wilcox, until Wilcox had paid the defendant the purchase price. The defendant with the concurrence of Wilcox sold and transferred the goods and fixtures to the corporation, instead of Wilcox, which paid the defendant as the purchase price thereof its entire capital stock of $10,000 par value, which between the defendant and Wilcox, by their supplemental agreement, took the place of the goods and fixtures. The resultant of the transactions was: The corporation owned the goods and fixtures, the defendant owned the capital stock subject to the agreement to sell and assign it to Wilcox, Wilcox owed the defendant the debt, and the corporation by the hands of its president, the defendant, and secretary and treasurer and manager, Wilcox, and pursuant to an agreement between them, paid from time to time to the defendant from the proceeds of its business moneys in payment of the debt of Wilcox. The corporation, therefore, through defendant and Wilcox, while it was a going concern incurring debts and liabilities, gave to a stockholder and director thereof, for the benefit of another stockholder and director, a part of its capital. The defendant thereby violated the statute (Stock Corp. Law [Laws of 1890, chap. 564], sec. 23) and the principles of the common law and became liable in an action at law to the corporation for wasting its assets. It is the established law of this state that the capital of a corporation is regarded as a substitute for the personal liability which subsists in private ownerships

and as a fund set apart and pledged for the payment of its debts. While a corporation is continuing its business, seeking credit and incurring liabilities, or while, after it has ceased to do business, it has outstanding liabilities, its directors or stockholders cannot lawfully and with immunity from personal liability to the corporation reduce the capital, which is the product of its capital stock as certified in its incorporating certificate, by appropriating or squandering it or giving it away. (*Bowers* v. *Male*, 186 N. Y. 28 ; *Ward* v. *City Trust Co.*, 192 N. Y. 61 ; *Bartlett* v. *Drew*, 57 N. Y. 587 ; *Darcy* v. *Brooklyn & N. Y. Ferry Co.*, 196 N. Y. 99 ; *In re Haas Co.*, 131 Fed. Rep. 232.) The liabilities of the bankrupt corporation largely exceed the value of its assets. The defendant as a director thereof participated throughout practically the whole period of its existence in bestowing upon himself a substantial part of its capital. He as its agent was bound to guard and care for its property and manage its affairs with the utmost good faith. Through his failure to perform his duty, the corporation was deprived of the funds paid him, and had a cause of action against him for the damages it thereby sustained. (*Kavanaugh* v. *Commonwealth Trust Co.*, 181 N. Y. 121 ; *Dykman* v. *Keeney*, 154 N. Y. 483.) The right of the plaintiff, the trustee of the estate of the bankrupt corporation, to bring the action is not questioned.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., HAIGHT and WILLARD BARTLETT, JJ., concur ; VANN, HISCOCK and CHASE, JJ., dissent.

Judgment reversed, etc.