[Civ. No. 4501.   Second Appellate District, Division Two.—September 10, 1925.]

## ELEANOR A. GOULD, Respondent, v. BERTHA G. LONG, Appellant.

[1] MONEY HAD AND RECEIVED—SEPARATE PROPERTY OF PLAINTIFF—EVIDENCE.—In this action for money had and received, the testimony upon the trial unequivocally established the fact that all the moneys in question were the separate property of plaintiff—a portion of the money having been in her possession prior to her marriage, and the balance having consisted of amounts received under an order of court in her suit for divorce.

[2] ID.—ALIMONY—INTEREST OF HUSBAND.—A husband may claim no interest in alimony of maintenance allowed the wife in a divorce action against him.

[3] ID.—EXCLUSION OF DEPOSITION—ABSENCE OF PREJUDICE.—In this action for money had and received, conceding that the trial court erred in sustaining plaintiff's objection to the introduction in evidence of her deposition taken in advance of the trial, and which was offered for the purpose of proving that the money in question was not plaintiff's separate property, the exclusion of the deposition was not prejudicial, where plaintiff's testimony therein was mostly corroborative of that which she gave upon the trial, and she testified in said deposition that the money was her separate property.

[4] ID.—IMPEACHMENT OF WITNESSES—WRITTEN STATEMENTS—INSUFFICIENT FOUNDATION.—Section 2052 of the Code of Civil Procedure provides that a witness may be impeached only by statements inconsistent with his present testimony, and that "if the statements be in writing, they must be shown to the witness before any question is put to him concerning them"; and where the witness is not shown the deposition by which it is sought to impeach her, nor a proper foundation for the introduction thereof laid, although the trial court calls attention to that requirement, the ruling of the trial court rejecting the offer of the deposition as evidence is proper.

(1) 31 C. J., p. 22, n. 22, p. 53, n. 47.   (2) 31 C. J., p. 21, n. 11 New.   (3) 4 C. J., p. 1173, n. 64.   (4) 40 Cyc., p. 2732, n. 76, p. 2734, n. 83.

1.  See 5 Cal. Jur. 289.
4.  See 27 Cal. Jur. 163; 28 R. C. L. 639.

APPEAL from a judgment of the Superior Court of Los Angeles County. Carlos S. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Griffith Jones and John J. Craig for Appellant.

James P. Clark for Respondent.

CRAIG, J.—On the fifth day of January, 1922, respondent commenced this action against the appellant for the sum of $1,301.58, alleging that the latter had within two years next preceding said date received the same for and on account of moneys had and received for the use and benefit of the plaintiff, which the defendant had agreed to repay upon demand; that on or about October 14, 1921, the plaintiff demanded repayment of the same, but that the defendant had failed and refused to pay said sum or any part thereof, and that the whole amount was then due and owing. It was also alleged "that said moneys were the sole and separate property of plaintiff."

Appellant answered, denying that she had received, or was indebted to the plaintiff, "whether in the sum of $1,300.00, or in any other sum or at all. Admits and alleges however, that she did, within the year 1921, receive the sum of $1,290.00 from the plaintiff for the sole purpose of acting as custodian of said moneys." It was further denied that demand had been made, or that any sum of money remained due, owing or unpaid, but, on the contrary, appellant alleged that she had repaid all of the moneys so admitted to have been received by her from the plaintiff; and that "she has not sufficient or any information or belief concerning to whom said moneys belonged, to enable her to answer said allegation, and basing her denial upon said grounds, denies that said moneys or any part of said moneys were the sole or separate property of the plaintiff."

The cause was tried in the superior court without a jury, and findings of fact were filed and judgment entered for the plaintiff in accordance with all of the allegations of said complaint. This is an appeal from the judgment, and as grounds for reversal it is asserted that the trial court erred

in the following respects: (1) That it confined the defendant's proof to the questions of demand and payment, and rejected the defendant's offered evidence tending to show that said money was not the plaintiff's sole and separate property; (2) that the deposition of the plaintiff, taken previously to the trial, was excluded; and (3) that the finding that the money was plaintiff's separate property was not supported by the evidence, and would have been otherwise had said deposition been admitted.

It appears that at the time the instant case was commenced the plaintiff, respondent here, had been divorced from her husband, Charles T. Gould; that prior to her marriage respondent had about $1,000, $800 of which she used in the purchase of real property; that during the pendency of the divorce action she was allowed by the court $40 per month, and the use of a house on said premises from which she collected rents amounting at times to $100 per month, and that she earned other moneys. Concerning the source of her money, it appears that the $1,301.50 claimed was made up of the following items: $600, which belonged to Mrs. Gould before her marriage, $690 alimony, and $11.58 interest on the deposit of the other sums. This was established by the testimony of the respondent and an employee of the Security Trust & Savings Bank. The bank employee said that the account was in the name of Bertha G. Long, and was withdrawn by one check, and the account closed October 13, 1921. Respondent also testified that appellant promised to repay her at any time, and that a check was made out and signed by appellant, and pinned in the deposit-book, that the latter retained the book and check; that the money was thereafter demanded, but that appellant refused to return any part thereof, and that in fact none was ever repaid. Appellant's testimony was to the effect that she had received the $1,290, but that she had given respondent a check therefor, which was returned, and that she, appellant, destroyed the same.

Respondent was called to testify in rebuttal, and during her cross-examination, counsel for appellant read many questions and answers from a deposition given by respondent before the trial, and asked her if she did not so testify, to which she replied in the affirmative. Objection being interposed to further examination of that nature, said counsel

stated that respondent had made an affidavit in the divorce action that she had no means, and that he desired to impeach her testimony by showing that the same was contradictory to statements contained in both her affidavit and deposition. The trial court said: "It would not be competent in this case. Objection sustained." "I am going to narrow the issues; you admit getting the $1,290." The question is now to dispose of the issues that no demand has ever been made, or that she has paid the money back." Thereupon counsel for appellant read further from said deposition, which respondent testified was correct, and the entire deposition was then offered in evidence, but upon objection it was denied admission.

Appellant here insists that the evidence would not have been sufficient without the deposition to support a finding that the moneys in suit were the sole and separate property of respondent, and that had the same been admitted it would have required a finding that said moneys were community property of respondent and Charles T. Gould; that the trial court therefore erred in sustaining objections as above indicated.

[1] We think the testimony offered upon the trial unequivocally established the fact that all the moneys in question were the separate property of respondent. It is uncontradicted that a portion of the money entrusted to appellant had been in respondent's possession prior to her marriage with Gould, and that the balance consisted of amounts received under an order of court in her suit against him for divorce. [2] None of her testimony in this respect was denied, and the mere assertion that a husband may claim no interest in alimony or maintenance allowed the wife in a divorce action against him is too obvious to require citation of authority. [3] Furthermore, said deposition is embodied in the record before us, and it appears that respondent's testimony therein was mostly corroborative of that which she gave upon the trial; she also testified in her deposition, "It was my separate property."

It is therefore apparent that had the trial court erred in sustaining objections thereto, the exclusion of the deposition in no way prejudiced the appellant's rights. For this reason alone a reversal would not be justified. (Const., art. VI, sec. 4½.)

[4]   However, section 2052 of the Code of Civil Procedure provides that a witness may be impeached only by statements inconsistent with his present testimony, and that "if the statements be in writing, they must be shown to the witness before any question is put to him concerning them." It does not appear that the witness was shown the testimony by which it was sought to impeach her, nor that in that respect a proper foundation for the introduction of her deposition was laid, although the court called attention to that requirement. We think, therefore, that the ruling of the superior court in rejecting it was proper. (*Froeming* v. *Stockton Elec. R. Co.,* 171 Cal. 401 [Ann. Cas. 1918B, 408, 153 Pac. 712].)

The judgment is affirmed.

Finlayson, P. J., and Works, J., concurred.