WILLIAM J. LOHN, Plaintiff, v. AUTOMATIC MOTOR CONTROL CORPORATION and Others, Defendants.

Supreme Court, New York County, June 21, 1934.

*Sidney M. Wittner*, for the plaintiff.

*Joseph L. Frieder*, for the defendants Automatic Motor Control Corporation and others.

*Moses & Singer*, for the defendant The Public National Bank and Trust Company of New York.

McLAUGHLIN, J. The plaintiff as a judgment creditor has commenced this action in sequestration. The first cause of action is to recover the sum of $6,500, which belongs to the corporation

known as the Automatic Motor Control Corporation, which sum was deposited with the Public National Bank and Trust Company of New York in the joint account of the individual defendants Jacob Muller and George Zitzmann, and which was subsequently converted by them in equal amounts. There can be no dispute that the defendants Muller and Zitzmann each took one-half of $6,500 and converted same to their own use.

The bank contests liability in this case on the ground that it is not responsible for the misappropriation of the corporate funds under the circumstances herein. It cannot be disputed that if the bank had actual knowledge of the fraud committed by these individual defendants it would be responsible for participating in the acts which brought about this taking of the corporate funds of the Automatic Motor Control Corporation. The testimony is convincing that the bank had such actual notice.

Such testimony makes it unnecessary to consider section 95 of the Negotiable Instruments Law, although there may be merit to the contention of the plaintiff that section 95 of the Negotiable Instruments Law is not in any event applicable.

The second cause of action seeks to set aside the assignment of a royalty agreement to the defendant Amelia R. Muller, wife of the defendant Jacob Muller. There is no merit to the contentions of this defendant. The defendant was a creditor at the time of the assignment to her. This assignment to her stripped the Automatic Motor Control Corporation of all its remaining assets. The plaintiff as a creditor whose claim had matured is entitled to have this instrument set aside and the obligations under it annulled. (Debtor & Creditor Law, § 278.)

The assignment is annulled also because the defendant Amelia Muller at the time thereof was a director of the Automatic Motor Control Corporation and could not obtain a preference over creditors. (*Hazard* v. *Wright*, 201 N. Y. 399; *Skinner* v. *Smith*, 134 id. 240.) The defendant Amelia Muller should account for the moneys she has so received since September 23, 1929, the date of the assignment.

Judgment is directed against all of the defendants, including the Automatic Motor Control Corporation, as indicated herein.

Submit findings of fact and conclusions of law accordingly on notice.