Bernard Abrams et al., on Behalf of Themselves and All Other Stockholders of Remington Rand Inc., Similarly Situated, Appellants, *v.* Theodore F. Allen et al., Defendants, and Loring R. Hoover et al., Respondents.

Argued May 19, 1947; decided July 2, 1947.

*Emil K. Ellis* and *Abraham J. Heller* for appellants. The first cause of action sets forth ultimate facts sufficient to constitute a cause of action. (*Geer* v. *Union Mutual Life Ins. Co.*, 273 N. Y. 261; *New York Life Ins. Co.* v. *Veit*, 294 N. Y. 222; *Belsky* v. *New York Life Ins. Co.*, 255 App. Div. 288, 280 N. Y. 614; *Vanderbilt* v. *Travelers Ins. Co.*, 112 Misc. 248, 202 App. Div. 738, 235 N. Y. 514; *People* v. *Security Life Ins. & Annuity Co.*, 78 N. Y. 114; *Boswell* v. *Security Mut. Life Ins. Co.*, 193 N. Y. 465; *Lynch* v. *United States*, 292 U. S. 571; *Home Ins. Co.* v. *Dick*, 281 U. S. 397; *Kavanaugh* v. *Commonwealth Trust Co.*, 223 N. Y. 103; *Lonas* v. *Layman Pressed Rod Co., Inc.*, 242 App. Div. 444, 269 N. Y. 529; *Hornstein* v. *Paramount Pictures*, 37 N. Y. S. 2d 404, 266 App. Div. 659, 292 N. Y. 468; *City Bank Farmers' Trust Co.* v. *Hewitt Realty Co.*, 257 N. Y. 62.)

*Inzer B. Wyatt, Roy H. Steyer* and *Victor Futter* for respondents. I. There is no charge of any personal profits by any of the defendant directors or any adverse personal interest by them in any of the matters alleged. The most that is claimed on any theory are mistakes of judgment. (*National Labor Relations Bd.* v. *Remington Rand Inc.*, 94 F. 2d 862.) II. Directors of a corporation are not liable for mistakes of judgment. (*Everett* v. *Phillips*, 288 N. Y. 227; *Chelrob, Inc.*, v. *Barrett*, 293 N. Y. 442.) III. The accusations and allegations of mis-

conduct in the complaint are all conclusions of the pleader. Such conclusions violate section 241 of the Civil Practice Act and are not sufficient to state a cause of action. (*Kalmanash* v. *Smith*, 291 N. Y. 142; *Hornstein* v. *Paramount Pictures*, 37 N. Y. S. 2d 404, 266 App. Div. 659, 292 N. Y. 468; *Blaustein* v. *Pan American Petroleum & Transport Co.*, 293 N. Y. 281.) IV. Sound reasons of policy dictate a strict application of section 241 of the Civil Practice Act to stockholders' derivative actions. (*Gerdes* v. *Reynolds*, 281 N. Y. 180; *Rous* v. *Carlisle*, 261 App. Div. 432, 290 N. Y. 869; *Weinberger* v. *Quinn*, 264 App. Div. 405, 290 N. Y. 635; *Kalmanash* v. *Smith*, 291 N. Y. 142; *Clarke* v. *Greenberg*, 296 N. Y. 146.)

DESMOND, J. The Appellate Division has dismissed this complaint on the ground that, " stripped of its conclusory statements ", it " shows only a reasonable exercise of business judgment by the directors " and that " no facts are set forth which show that appellants [defendants] had interests adverse to the corporation or that they dealt with the corporation for their own benefit or that they were guilty of waste or fraud " (271 App. Div. 326, 328). If in any aspect upon the facts stated plaintiffs are entitled to a recovery, dismissal was, of course, improper (*Dyer* v. *Broadway Central Bank*, 252 N. Y. 430, 432; *Condon* v. *Associated Hospital Service*, 287 N. Y. 411). We need examine only two paragraphs (8th and 19th) of this long complaint to find a sufficient statement of alleged facts which, if proven, may entitle plaintiffs to judgment.

Paragraph 8 of the complaint is as follows: " 8. That in furtherance of the aforesaid objects, said defendants caused and brought about the dismantling and removal of corporate plants, equipment and machinery, as well as the intentional curtailment of production, and thereby caused defendant corporation to incur and suffer great loss thereby, not on legitimate, honest, prudent and reasonable business grounds, but solely for the purpose of discouraging, intimidating and punishing its employees by removing hopes of re-employment of the said employees by the defendant corporation." That quoted matter contains four plain and concise statements of material fact (Civ. Prac. Act, § 241.) First, it is alleged that defendant directors caused the dismantling and removal of corporate

plants and the intentional curtailment of production; second, that this caused great loss to the corporation on whose behalf this suit is brought; third, that these things were not done for any legitimate business reasons, but (fourth) were done solely to discourage, intimidate and punish the corporation's employees. Surely the allegations that plants were dismantled and that damage was thereby caused, are typical allegations of fact. The same is true as to the recital of the motives with which these things were done (*Richmondville Union Seminary* v. *McDonald*, 34 N. Y. 379, 381; *People v. Lewis*, 275 N. Y. 33, 39; *Advance Music Corp.* v. *American Tobacco Co.*, 296 N. Y. 79, 85; 1 Wigmore on Evidence [3d ed.], § 119; 23 C. J. S., Criminal Law, § 1127; *National Labor Relations Bd.* v. *Nevada Copper Co.*, 316 U. S. 105; *Matter of New York State Labor Relations Bd.* v. *Union Club*, 295 N. Y. 917).

Paragraph 19 of the complaint charges: " That notwithstanding the knowledge by the individual defendants of the matters set forth in paragraph ' 8 ' hereof, defendants permitted the defendant Rand, Jr. to dominate the board of directors of the defendant corporation in respect of its labor policies and acts as aforesaid and permitted him to vent°his personal bias, animus and hatred in evolving and executing the policy, plan and program described in paragraphs ' 7 ' and ' 8 ' hereof, with the knowledge that the defendant Rand, Jr. was not actuated by honest bona fide considerations affecting the welfare of the defendant corporation and its stockholders but by the malice, bias and personal prejudices hereinbefore described and that in so doing defendants abdicated their duties and responsibilities as directors of the defendant corporation and committed inexcusable and wanton breaches of their trust and violations of their duties as directors, to the injury of the defendant corporation." Those allegations, like the ones quoted from paragraph 8, are plain, direct statements of fact.

If the averments of fact, above quoted, are proven on the trial, they may be held to have amounted to actionable breaches of the duties owed by defendants to the corporation, as its trustees and agents. Depending on circumstances, they may fall into one or more of the categories of acts for which directors are liable in damages, among which are lack of due care (*O'Brien* v. *Fitzgerald*, 143 N. Y. 377; *General Rubber Co.* v.

*Benedict,* 215 N. Y. 18; *Bosworth* v. *Allen,* 168 N. Y. 157; *Kavanaugh* v. *Commonwealth Trust Co.,* 223 N. Y. 103); waste or squandering of the corporate assets (*Bowers* v. *Male,* 186 N. Y. 28; *Hazard* v. *Wight,* 201 N. Y. 399); willful conversion or misapplication of the company's goods (*Brinckerhoff* v. *Bostwick,* 88 N. Y. 52, 62; *Quintal* v. *Kellner,* 264 N. Y. 32; *Pollitz* v. *Wabash R. R. Co.,* 207 N. Y. 113; see *Hornstein* v. *Paramount Pictures,* 292 N. Y. 468, 471); and using the corporation's property for the doing of an unlawful or immoral act (*Bath Gas Light Co.* v. *Claffy,* 151 N. Y. 24, 31; *Continental Securities Co.* v. *Belmont,* 206 N. Y. 7; *Berkey* v. *Third Avenue Railway Co.,* 244 N. Y. 84).

That the public policy of this State and nation is opposed to the closing or removal of factories, for such purposes as are here asserted, is obvious (Labor Law, § 704; National Labor Relations Act, § 8; U. S. Code, tit. 29, § 158; see *National Labor Relations Bd.* v. *Cape Co. Milling Co.,* 140 F. 2d 543, Note, 152 A. L. R. 149 *et seq.; National Labor Relations Bd.* v. *Remington Rand Inc.,* 94 F. 2d 862).

Whether, or how, these accusations may be proven is not our present concern. These defendants may not have done these things at all, or they may have done them for the best of reasons. But the complaint, which we are bound to take as true at this point, says the opposite. If we dismiss, we are saying that for such spoliation of a corporation, there is no redress. The case should be tried.

The judgment of the Appellate Division should be reversed and the order of Special Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, Ch. J., CONWAY and FULD, JJ., concur with DESMOND, J.; LEWIS, THACHER and DYE, JJ., dissent and vote to affirm.

Judgment accordingly.