MILTON J. GREENEBAUM, Individually and as a Stockholder of FELIX LILIENTHAL & Co., INC., Suing on Behalf of Himself and All Other Stockholders of Said Corporation, Similarly Situated, and in the Right of Said Corporation, Respondent, *v.* FELIX LILIENTHAL & Co., INC., et al., Appellants.

First Department, April 22, 1952.

*Oscar S. Rosner* of counsel (*Jay Raymond Levinson* with him on the brief; *Baker, Obermeier & Rosner,* attorneys), for appellants.

*Mortimer B. Wolf* of counsel (*Charles Ballon, Jacob M. Usadi* and *Bernard Segelin* with him on the brief; *Phillips, Nizer, Benjamin & Krim,* attorneys), for respondent.

CALLAHAN, J. This appeal involves the question of the sufficiency of a complaint in a stockholder's derivative action.

Plaintiff owned 390 shares and the defendant Felix Lilienthal, Sr., owned 610 shares of both the common and preferred stock of the company. One thousand shares of stock were issued to each class, the common stock having the voting power. Plaintiff was a director and also vice-president-secretary of the company. He was employed as general manager of the resident buying business conducted by the corporation. The other two directors were defendants Felix Lilienthal, Sr., who was president, and Felix Lilienthal, Jr., who was the treasurer.

The gravamen of the complaint is that the two Lilienthals as directors wrongfully and maliciously excluded plaintiff from participation in the management and conduct of the business by removing him from his offices and discharging him as general manager to the detriment of the corporation's interests. The complaint is embellished with many conclusory statements as to the value of the plaintiff's services to the corporation and the losses suffered by the corporation because of the termination of plaintiff's offices and employment. Some of the corporate losses are stated to be loss of customers, the loss of the services of various valuable employees, the substitution of

incompetent personnel as successors to such employees, the exposition of the corporation to the danger of penalties that might be imposed by governmental agencies because of violations of salary regulations in giving new or retained employees improper increases in salary, etc.   The gist of these allegations is that it would have been more profitable if the plaintiff's services. had been retained.   There is no allegation that the plaintiff had any contractual right to remain as an employee.

The removal of the plaintiff as an officer and his discharge as an employee constituted an act of business judgment.   The general rule with respect to situations of such a nature is found in *Kalmanash* v. *Smith* (291 N. Y. 142, 155), where the court said: " The statements of conclusions which express no more than a difference of opinion between a stockholder and directors as to the value of an employee's services or the expediency of his employment — whether it will advance the corporation's interests — will not serve in a complaint as sufficient in law to put a director on the defensive.   Nor may judicial process be invoked to challenge the judgment of directors except when fraud is alleged or conduct so oppressive as to be its equivalent, and *facts* are pleaded which afford a basis for such allegations."

In the present complaint we find no allegations of fraud or conduct so oppressive as to be the equivalent of fraud.

The case of *Abrams* v. *Allen* (297 N. Y. 52) relied on by the respondent is distinguishable in that there the conduct complained of related to the removal of corporate business plants and the intentional curtailment of production under circumstances amounting to a violation of public policy as expressed in the State and Federal statutes relating to labor relations. In other words, the acts complained of were committed for the purpose of unlawfully intimidating and punishing employees to the detriment of the corporation.

We find insufficient factual allegations in the present complaint evidencing actionable misconduct on the part of the appellants.

The order denying the motion for dismissal of the complaint should be reversed, with $20 costs and disbursements, with leave to the plaintiff to serve an amended complaint.

DORE, J. P., COHN, VAN VOORHIS and SHIENTAG, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellants and the motion granted, with leave to the plaintiff to serve an amended complaint within ten days after service of a copy of the order, with notice of entry thereof, on payment of said costs.   [See *post,* p. 760.]