Sidney Squibb, J.
The State moves to dismiss these two claims, contending that the claims were not filed within the time provided by section 10 of the Court of Claims Act, i.e., two years.
It is not disputed that although notices of intention to file claims were filed on January 27, 1953, the claims were not filed until February 28, 1955, more than two years thereafter.
Claimants’ pleading in effect alleges continuing trespasses by the State arising out of its alleged interferences “ with the natural flow of the waters of a stream, and the diversion of the waters of the said stream so that the claimant is deprived of their use In paragraph 15, the pleading asks for “ temporary damages ” and sets forth monetary “ estimates ” of the respective damages for the several years of 1950, 1953 and 1954. Accordingly, portions of the respective claims are not barred by the Statute of Limitations relied on by the State. It follows in each case that the entire pleading is not destroyed by the infirmity asserted.
In Tripp’s valuable “A Guide To Motion Practice” (1949 ed.) at page 245, the learned author concisely sets forth the applicable rulings of our Court of Appeals and other appellate courts as follows: “ 12. Every intendment and fair inference is in favor of the pleading. (Dyer v. Broadivay Central Bank, 252 N. Y. 430, 432.) If plaintiff is entitled to recover on any theory of the facts pleaded, the motion to dismiss for legal insufficiency must be denied. (Abrams v. Allen, 297 N. Y. 52; O’Neill Supply Co. v. Petroleum H. & P. Co., 280 N. Y. 50; Condon v. Associated Hospital Service of New York, 287 N. Y. 411, 414.) It must be denied, even if plaintiff cannot obtain all the relief sought, so long as he can obtain some relief. (Steisel v. Cratzer, 272 App. Div. 673, * * *.) ”
Even though in each claim paragraph 16 alleges that the notice of intention was filed and a copy of said notice is annexed to and made a part thereof, the same can be disregarded in order that a part of the claim can survive. Lack of artistry in a pleading such as at bar cannot be a legal basis for dismissal here.
The Statute of Limitations bars most of the damages which claimants seek but not all thereof. Accordingly, these claims cannot be dismissed on this motion. Motion denied.