Edgar F. Hazleton,
Acting County Judge. In this action for a deficiency judgment against the conditional purchaser of an automobile the plaintiff now moves for summary judgment.
In opposing the motion the defendants simply submit a memorandum asking for a denial of the motion and for summary judgment in their own behalf. The contention therein is *72 that the plaintiff has neither pleaded nor proved specific compliance with each applicable section of the Personal Property Law relating to the repossession and resale of goods — more particularly that part of section 79 which requires the posting of public notice. In the absence of affidavits or other proof this must be considered as a cross motion for judgment on the pleadings, and the defendants can only prevail on such a motion where the pleading attacked is totally insufficient on its face. (Messinger v. Great Hudson Fur Co., 62 N. Y. S. 2d 420, affd. 271 App. Div. 820.) Furthermore, the factual allegations of the pleading so challenged must be given every favorable inference. (Abrams v. Allen, 297 N. Y. 52.)
It is the opinion of this court that the complaint does contain sufficient general allegations under which compliance with the pertinent sections of the Personal Property Law could be proved upon a trial of the action. In addition the plaintiff’s moving papers contain some evidence of such compliance in the photo static copy of the auctioneer’s certificate of sale which states that “ due public notice was given ”. Allegations to the contrary in the form of memoranda are not enough to entitle the defendants to a judgment on the pleadings.
Inasmuch as there appears to remain a substantial issue of fact as to whether the provisions of section 79 of the Personal Property Law were actually complied with, the motion for summary judgment must also be denied.
Submit order in accordance herewith.