George Tilzer, J.
Defendants move to dismiss the complaint for legal insufficiency, or, in the alternative, to compel plaintiffs to separately state and number their causes of action, and, in the further alternative, to strike various allegations of the complaint as being irrelevant, unnecessary and prejudicial.
The complaint alleges two causes of action. The first, on behalf of Robert Goelet, alleges that the defendants wrongfully, carelessly, maliciously, willfully and recklessly caused to be printed and published in the January, 1956 issue of “ Confidential Magazine ”, a sordid fictional article, a copy of which is annexed to the complaint, incorporating his name and photographs, without his consent, for the purposes of trade and for the defendants’ benefit, and not for the legitimate purpose of disseminating news or actual events. The plaintiff further alleges that the article was fictional and falsely portrayed him as being dishonest, criminal, infamous and guilty of dishonorable acts, causing him great distress, mental suffering, humiliation and exposure to public ridicule and contempt; and that by reason thereof he has sustained mental suffering and distress which has interfered with his activities, and has otherwise been damaged in the sum of $250,000.
The second cause of action on behalf of plaintiff Gloria Goelet repeats and realleges all of the allegations of the first cause of action except paragraph “First”. She further alleges that the use of her name and photographs in the fictional article, without her consent, caused her distress, humiliation and mental suffering which interfered with her normal activities and has otherwise damaged her in the sum of $250,000.
It is academic that a pleading challenged for legal insufficiency must be broadly and liberally construed and that if the plaintiff is entitled to recover on any theory of the facts pleaded, the motion to dismiss must be denied (Abrams v. Allen, 297 N. Y. 52; Dyer v. Broadway Cent. Bank, 252 N. Y. 430, 432). The complaint tends to show an invasion of the right of privacy. Whether or not the plaintiffs are entitled to damages for an invasion of their privacy under the Civil Rights Law, the publi *313 cation of the article with their photographs entitles them to a trial in order to determine such issue (Valerni v. Hearst Mag., 99 N. Y. S. 2d 866).
However, defendants’ application for alternative relief has merit. Each of the two causes of action commingles one claim for damages based upon two alleged wrongs, one for libel and the other for invasion of plaintiffs’ rights of privacy. Such pleading violates rule 90 of the Rules of Civil Practice. Accordingly, the plaintiffs should separately state and number each cause of action, or in the alternative, if they merely seek to allege a cause of action under the Civil Rights Law, the amended pleading should omit the allegations contained in paragraphs “Ninth”, “Tenth” and “Eleventh”, and that portion of paragraph ‘ ‘ Twelfth ’ ’ to which criticism is addressed, as being irrelevant and prejudicial because defamation is not part of a cause of action under sections 50 and 51 of the Civil Rights Law (Binns v. Vitagraph Co., 210 N. Y. 51; Vogel v. Hearst Corp., 116 N. Y. S. 2d 905).
The plaintiff, Gloria Goelet, in repleading her cause of action should not reallege or repeat paragraphs of her husband’s cause of action which do not refer to her or do not support her cause of action.
The motion to dismiss the complaint is denied; plaintiffs are directed to serve an amended complaint in accordance with this decision.