Owen McGivern, J.
Decision of this motion by six defendants to dismiss the causes of action in the consolidated complaint in this stockholders’ derivative action, and for other relief, was held in abeyance for the reasons stated in the decision of the companion motion of defendant United Dye & Chemical Corporation, published herewith (13 Mise 2d 897).
The first cause of action is held sufficient except as to plaintiffs Amdur and Feirstein. It adequately sets forth a series of alleged wrongful acts harmful to the corporation in whose right this action was brought. Bach of the moving defendants was a director of such corporation, during the time when at least some of such acts were performed, and such performance is alleged to have occurred with, his ‘ knowledge, connivance, *900 acquiescence and negligence ”. Such allegation is consonant with the liability imposed by law on directors (Kavanaugh v. Commonwealth Trust Co., 223 N. Y. 103, 105-106, 117 [1918]; cf. Abrams v. Allen, 297 N. Y. 52, 55-56 [1947]).
Section 61 of the General Corporation Law provides that in a stockholder’s derivative action, ‘ it must be made to appear that the plaintiff was a stockholder at the time of the transaction of which he complains ”. The last act complained of in the first cause of action is alleged to have occurred on the 7th day of December, 1955. The complaint alleges that plaintiffs Amdur and Feirstein became stockholders at some unspecified time in December, 1955. It thus does not affirmatively appear from the consolidated complaint that they were stockholders at the time of the transactions of which they complain. The first cause of action is, therefore, dismissed as to plaintiffs Amdur and Feirstein, with leave to amend so as to show the exact date they became stockholders.
In the second cause of action, it is alleged that the moving defendants spread falsely optimistic reports concerning the affairs of the corporation, creating a rise in the market price of its stock, and that such defendants made profits either by selling their stock at such artificially-created prices or by selling such stock short. The defendants are asked to account to the corporation for such profits. It is not alleged that plaintiffs, or anyone on whose behalf they sue, purchased in reliance on the false reports.
Plaintiffs seek to sustain this cause of action (a) on the basis of common law and (b) on the basis of Federal statutes. They cite no direct precedent for such a recovery at common law. They rely on the cases requiring that insiders who sell controlling stock to account to the corporation for so much of the purchase price as represents the value of the control of the corporation (Benson v. Braum, 141 N. Y. S. 2d 286 [Sup. Ct., Nassau Co., 1955], affd. 286 App. Div. 1098 [1955]; Perlman v. Feldmann, 219 F. 2d 173 [C. A. 2d, 1955]). Such a doctrine is not applicable to the instant situation, as therein the basis' of liability is that the defendant was guilty of ‘ siphoning off for personal gain corporate advantages ’ ’, was paid for assets of the corporation, to wit, its control and good will and made a “ personal gain at the expense of Ms coventurers,” (Perlman v. Feldmann, supra, pp. 176, 178). Here, however, assuming the truth of the allegations of the consolidated complaint, defendants have not been paid anytMng for an asset of the corporation. They have made profits as a result of misrepresentations, not an asset of the corporation. No court of equity *901 would hold that the corporation is entitled to the fruits of such misrepresentations. If there were misrepresentations, those who purchased in reliance on them may have causes of action against the tort-feasors for the damages they sustained, but no recovery can enure to the benefit of the corporation or its stockholders generally. As to them, such a recovery would be an unjustified windfall. If the corporation were permitted to sue for defendants’ profits, defendants would still be liable to purchasers who relied on the misrepresentations, thus exposing them to double liability for the same acts. The corporation lost nothing by the acts of defendants alleged in the second cause of action, and is entitled to no recovery therefor at common law.
Plaintiffs also rely on section 12 and paragraph (3) of subdivision (a) of section 17 of the Securities Act of 1933 (U. S. Code, tit. 15, §§ 771, .77q, subd. [a], par. [3]). Neither section gives a right of action to a corporation for profits made by its directors using fraudulent means in selling its securities. Section 12 specifically makes such seller liable ‘ ‘ to the person purchasing such security from him ”. Section 17 (subd. [a], par. [3]) makes it unlawful “ to engage in any * * * practice * * * which operates * * * as a fraud or deceit upon the purchaser.” While this section does not state expressly to whom a violator thereof is liable, there is a clear implication that liability runs only in favor of a purchaser. Where Congress wanted to make insiders liable to their corporation and its stockholders, it specifically provided for such liability (Securities Exchange Act of 1934, § 16, subd. [b], U. S. Code, tit. 15, § 78p, subd. [b]) as was pointed out by Judge A. N. Hand in Birnbaum v. Newport Steel Corp. (193 F. 2d 461, 463-464 [C. A. 2d, 1952], cert, denied 343 U. S. 956 [1952]). Actions may not be brought in the State courts under the 1934 Act (American Distilling Co. v. Brown, 295 N. Y. 36 [1945]).
The conclusion is inevitable that the second cause of action is insufficient both at common law and under the Securities Act of 1933.
The motion is granted to the extent of dismissing the first cause of action as to plaintiffs Amdur and Feirstein and the second cause of action, with leave to replead the first cause of action so as to state the precise dates when such plaintiffs became stockholders, and in all other respects denied. Amended consolidated complaint to be served within 20 days after service of this order and notice of entry.