Joseph M. Conroy, J.
This is an action tried by the court without a jury. For convenience, the word plaintiff will be used throughout to describe the adult plaintiff, former wife of the defendant and mother of the two infant plaintiffs.
The amended complaint contains three causes of action. The first is for breach of a separation agreement, entered into *428 between the adult parties to this action on or about November 20, 1951, whereby defendant agreed to convey to plaintiff premises (a two-family house) known as 95-08 97th Street, Ozone Park. The second cause of action is for an accounting of the rents and profits received by defendant from said property. The third cause of action is for reformation of the separation agreement to reflect the true intention of the parties with respect to the real property in question, i.e., that legal title thereto be conveyed to the plaintiff for the benefit of the two infant children of the parties.
The answer consists of denials and four affirmative defenses, to wit: (1) that plaintiff failed to perform all of the terms, covenants and conditions of the agreement on her part to be performed and that in or about July, 1953 she abandoned the premises; (2) that a Georgia decree of divorce cancelled all prior agreements between the parties; (3) that plaintiff is guilty of laches; and (4) that plaintiff is unable to take care of the property in question and that a transfer of title for support of the children is unnecessary since defendant has been supporting them and has improved the property and reduced the mortgage.
The crucial provisions of the separation agreement are contained in paragraph “ fifth ” and are in substance as follows: Defendant agreed to convey the premises in question to plaintiff “ for the benefit primarily of the issue of the marriage of the parties ”, i.e., Rita Jane, now age 14, and Patricia Marie, now age 10. If the property were sold during the minority of the children, the net proceeds were to be deposited equally in trust. If the property were not sold during their minority, it was to be conveyed to them upon their majority. In the event of plaintiff’s death during the minority of the children, her executor was to reconvey the property to defendant in trust for the children or to transfer the trust accounts to defendant, if the property had theretofore been sold. Plaintiff agreed to pay all carrying charges on the house and, in the event of an uncured six-month default in the making of any payment or in the event the mortgagee served notice of foreclosure within said six-month period, to reconvey the property to defendant in trust for the children.
In paragraph “ eighth ” it was provided that the agreement was to merge in any divorce decree procured by either party. In paragraph ‘1 eleventh ’ ’ defendant agreed to pay $30 per week for the support, maintenance and education of the children during their minority, unless they married within that period, and plaintiff waived all claim to support for herself. Paragraph *429 ‘ ‘ twelfth ’ ’ gave custody of the children to plaintiff, who was to maintain, educate and support them with the funds provided. Paragraph “ fourteenth ” provided that the agreement could be modified or altered by agreement of the parties, or, in the event of disagreement, by the Supreme Court.
In or about May, 1952, defendant tendered to plaintiff a deed in purported compliance with the agreement, but plaintiff rejected it on the basis of a title company letter which stated that the deed as drawn created a dry or passive trust and would vest title in the children, not her (Real Property Law, § 96). Title to the property in question was never conveyed to plaintiff.
During this entire period plaintiff and the children were living on the ground floor of the two-family house, defendant having removed himself therefrom in March of 1951, and plaintiff collected the rents and paid the carrying charges until July of 1953 when without explanation or notice she abandoned the premises. Plaintiff had obtained a Georgia decree of divorce from defendant on March 28,1952, an action in which defendant appeared, but that decree has no bearing upon this action, first, because the separation agreement is not even mentioned therein; and, secondly, because the present action is in fact brought exclusively for the benefit of the infant children, who were not parties to the Georgia action. The words “ civil contract ” in the Georgia decree, when read in context, i.e., “Plaintiff and Defendant, formerly husband and wife, in the future shall be held and considered as separate and distinct persons altogether unconnected by any nuptial union or civil contract, whatsoever ”, obviously refer to a civil marriage contract and not, as contended by defendant, to the separation agreement in question.
It is undisputed that the intention of the parties to the separation agreement was to vest legal title in the plaintiff for the ultimate benefit of the children. The deed tendered by defendant and rejected by plaintiff failed to accomplish that result, but created a dry trust and would have vested the legal title in the children. (Real Property Law, § 96.) But the fact is that any deed drawn in literal compliance with the pertinent provisions of the separation agreement would have had that result. The agreement is, therefore, in need of reformation if effect is to be given to the declared intent of the parties. To that end the agreement is reformed to the extent of adding to paragraph “ fifth ” thereof a provision that the party holding the legal title shall have the power to sell or mortgage the property and to collect the income therefrom, applying it first to payment of expenses of the property, then to the support, maintenance and *430 education of the children should the amount otherwise provided for such purposes prove insufficient and to accumulate any income not required for the support, maintenance and education of the children during their respective minorities, paying same over to each upon her reaching age twenty-one.
To reform the separation agreement, however, is not to hold that defendant should noAV be directed to convey title in accordance Avith that agreement, as reformed, to plaintiff, who tvillfully and inexplicably abandoned the premises on or about August 1, 1953. This action by her resulted in the mortgage being in default and in threatened foreclosure by the mortgagee. Defendant stepped in and cured the default; paid all carrying charges on the premises from then until the present date; reduced the balance due on the mortgage from approximately $9,000 to less than $3,000; and, in addition, expended some $5,000 in improving the premises.
Had defendant succeeded in conveying the legal title to plaintiff, he would have been entitled, under subparagraph (e) of paragraph ‘ ‘ fifth ’ ’ of the separation agreement, to demand its reconveyance on account of the threatened foreclosure. Legal title would, therefore, rightfully be in him in trust for his children. Legal title is presently in him. The practical and equitable solution would be to impress that title with a trust in favor of the two children of the parties in accordance Avith the separation agreement, as reformed. This, the court will do.
Judgment is accordingly rendered reforming the separation agreement, as indicated above, and declaring that defendant holds title to the property in question in trust for the children. In all other respects the complaint is dismissed on the merits. Settle judgment accordingly.