■ PHILIP ROSENBLATT, Appellant, v. FREDA BIRNBAUM et al., Respondents. — In an action by a former husband against his former wife and her present husband, to compel the defendants to account for moneys supplied by plaintiff for the support of his infant children pursuant to the terms of a separation agreement (between him and his former wife) incorporated in an Alabama divorce decree, and for related relief, the plaintiff appeals: (1) from an order of the Supreme Court, Queens County, dated January 4, 1963, which (a) granted defendants' motion, pursuant to rule 112 of the former Rules of Civil Practice, for judgment on the pleadings dismissing the complaint on the ground that it fails to state facts sufficient to constitute a cause of action, and (b) which denied the plaintiff's cross motion for the appointment of a special guardian for said infant children; and (2) from the judgment entered January 14, 1963 pursuant to the said order. Judgment and order reversed, without costs; defendants' motion for judgment on the pleadings denied; and plaintiff's cross motion for the appointment of a special guardian, now properly designated a " guardian ad litem " (CPLR 1202), granted. Abraham M. Lindenbaum, Esq., 16 Court Street, Brooklyn 1, New York, is appointed such guardian ad litem for the said infants, upon condition that he qualify, in accordance with the statute (CPLR 1202, subd. [c]), within 20 days after service upon him of a copy of the order to be entered hereon. Pursuant to statute (CPLR 1001, 1004), on the court's own motion the guardian ad litem of the infants is hereby joined as a party plaintiff to the action. The present plaintiff is directed, within 20 days after the guardian's qualification, to serve upon him copies of all pleadings. Within 20 days thereafter, the guardian is directed to serve upon all parties appearing in the action a complaint on behalf of the infants. A promisee may sue to enforce a contract for the benefit of third parties (*Croker* v. *New York Trust Co.*, 245 N. Y. 17; cf. *Orlick* v. *Orlick*, 70 App. Div. 595). A guardian of infants' property (plaintiff was so designated in the separation agreement) may sue without formally joining the infants (CPLR 1004). If the children be

deemed, in any event, to be necessary parties, they should be joined. But the complaint should not be dismissed for their nonjoinder (*Wolff* v. *Brontown Realty Corp.*, 281 App. Div. 752; CPLR 1001–1004). We are of the opinion that, in the interests of justice, they should here be joined through a guardian ad litem as party plaintiff, whether or not they be necessary parties. We agree with the learned Special Term that the wife is a trustee (cf. *Seligmann* v. *Mandel*, 171 N. Y. S. 2d 417, affd. 5 A D 2d 974; *Harwood* v. *Harwood*, 182 Misc. 130, affd. 268 App. Div. 974, mot. for lv. to app. den. 268 App. Div. 1038). A trustee may be required to account, whether or not the trust agreement so provides. We do not presently reach the question whether the wife's acceptance and deposit of the apportioned checks constituted an accord and satisfaction of a bona fide dispute. It is sufficient, for the purposes of this decision, that proof of the allegations in the complaint will furnish a proper basis for the granting of some relief (2 Scott, Trusts [2d ed.], p. 1489 *et seq.*; § 199 *et seq.*; cf. *Pieper* v. *Renke*, 4 N Y 2d 410; *Abrams* v. *Allen*, 297 N. Y. 52). It is also our opinion that the complaint states a cause of action, against the present husband (3 Scott, Trusts [2d ed.], p. 2182, § 291). Ughetta, Acting P. J., Kleinfeld and Hill, JJ., concur; Rabin and Hopkins, JJ., dissent and vote to affirm the judgment and order, with the following memorandum: The basic issue on this appeal is whether the plaintiff is entitled to an accounting from the female defendant, his former wife, and from the male defendant, her second spouse, based on allegations that the said defendants are not wholly applying to the support and maintenance of the infant issue of the first marriage the alimony heretofore paid by the plaintiff pursuant to a separation agreement and a foreign decree of divorce which adopted the provisions of such agreement for the infants' separate benefit. The plaintiff claims that substantial portions of these alimony payments were diverted for the benefit of the second spouse to the deprivation of the infants. In our opinion, the learned Special Term erred in assuming that by reason of plaintiff's voluntary participation in such agreement and decree of divorce, pursuant to which he undertook to support his children, he thereby became a settlor of an express trust and that his former wife was constituted a trustee with respect to the support money received by her for the benefit of the children. The authorities cited by the majority for this view do not support that conclusion (*Seligmann* v. *Mandel*, 171 N. Y. S. 2d 417, affd. 5 A D 2d 974; *Harwood* v. *Harwood*, 182 Misc. 130, affd. 268 App. Div. 974, mot. for lv. to app. den. 268 App Div. 1038). Each such case holds in effect merely that a wife may be adjudged liable as a trustee to the children of the marriage if she fails to act to collect the benefits fixed for them by prior separation agreement or by prior decree in a matrimonial action. Neither case holds that in paying the sums stipulated for the children the husband was endowed with the character of a settlor of an express trust who might compel an accounting from the payee-wife as a trustee. For these reasons, we discuss no further the learned Special Term's ruling: (a) that the instant complaint must fall because it contains no averment that any fraud was committed in order to induce plaintiff to make his payments; and (b) that after the designated property has been delivered the settlor of a trust may not sue to enforce the trust in the absence of such allegations. The basic issue here presented apparently has never been squarely decided in this jurisdiction. But in our view the weight of foreign authority holds that a husband is not ordinarily entitled to an accounting as to the manner in which alimony is spent, unless such accounting be required by statute or by a provision in the divorce decree (2 Nelson, Divorce and Annulment [2d ed.], § 14.102, p. 139; *Williams* v. *Williams*, 316 Ill. App. 6; *Minot* v. *Minot*, 319 Mass. 253, 272; 27B C. J. S., Divorce, § 321 [1], pp. 632–633; *Corbridge* v. *Corbridge*, 230 Ind. 201). The

*Williams* case (*supra*) stressed the factor that not an accounting but a modification of the decree was the husband's remedy. The *Minot* case (*supra*, p. 272) makes clear that, in receiving periodic payments for the support and maintenance of the infant issue of the marriage, the wife took such payments "in her own right, [and] not in trust," and points out that, insofar as a separation agreement is at issue: "It is a contract, not a will, that we are construing, and it is hardly likely that the parties intended to create a new and fruitful source of litigation." In *Corbridge* (*supra*, p. 206), it was emphasized that the husband cannot reduce or avoid his civil liability for accrued alimony by showing that the wife "has expended for the benefit of the child amounts less than ordered." The rationale upon which the foregoing cases rest is that the confidential relationship imputed to a husband and wife during coverture, within the meaning of the rule that a constructive trust arises from the abuse or violation of such relationship (89 C. J. S., Trusts, § 151, pp. 1061–1062), is no longer presumed to exist when divorce ensues, as a consequence of which the wife is restored to her former status of an unmarried woman and "thereby completely discharged from the obligations of fidelity and fealty of a wife" (*O'Melia* v. *Adkins*, 73 Cal. App. 2d 143, 150). After divorce, the confidential relationship no longer exists as a matter of law, and, where the former husband is a party plaintiff, the burden of alleging and proving the existence and violation of a fiduciary relationship rests on him (89 C. J. S., Trusts, § 155, pp. 1074–1076). After separation of the spouses, their reciprocal financial obligations are determinable, not in equity to enforce a trust or to secure an accounting, but in appropriate matrimonial litigation (*Duboff* v. *Duboff*, 18 Misc 2d 1050, 1055; *Marks* v. *Marks*, 250 App. Div. 289, 291–292 [1st Dept.]). In connection therewith, it has been held "that a husband may claim no interest in alimony or maintenance allowed the wife in a divorce action" and that such conclusion "is too obvious to require citation of authority" (*Gould* v. *Long*, 74 Cal. App. 359, 362). This rationale is fortified by the proposition that alimony, either temporary or permanent, once paid by the husband, may not be recovered either directly by restitution, or indirectly by recoupment (*Haas* v. *Haas*, 271 App. Div. 107, 109 [2d Dept.]). Accordingly, we conclude that alimony once paid, as at bar, may not be presumed to constitute the *res* of an express trust whereof the husband is the settlor and entitled as such to an accounting. For like reason, we conclude that the infant issue of the marriage may not be declared to stand in the shoes of their plaintiff father, as the majority proposes, and that this action may not go forward and be prosecuted on their behalf through the medium of a guardian ad litem. In *Seligmann* v. *Mandel* (171 N. Y. S. 2d 417, 418–419, *supra*), relied upon by the majority as authority for the proposition that the defendant wife herein is a trustee, it was said that: "she would be a trustee of those moneys for her children as beneficiaries, and it is conceivable that, in the event of her failure to act to compel payment of these moneys, the children might, but only representing her, maintain an action for their payment. The very existence of the instant suit, however, precludes any possibility of such a claim of inaction as would support direct intervention by the children. Should plaintiff be successful in this action, recovery by her would discharge any conceivable obligation of defendant to the children and the children would be bound by such payment. It cannot therefore be found that the children are either indispensable or conditionally necessary parties." While not strictly within the scope of the basic issue arising on this appeal, it may be observed that a husband who believes that his wife or former spouse is diverting alimony intended solely for the support and maintenance of their infant issue is not without adequate remedy where a factual basis for relief exists. If his obligation rests upon an underlying separation agreement, he

may sue to reform such agreement so as to make it declare expressly that the wife holds property received thereunder in trust for the benefit of the children. (Cf. *Ebenstein* v. *Pritch,* 275 App. Div. 256 [1st Dept.]; *Baird* v. *Baird,* 23 Misc 2d 427.) If his obligation rests upon a foreign decree of divorce, he may to similar ends invoke the jurisdiction of such tribunal (*Rehill* v. *Rehill,* 306 N. Y. 126). If his obligation rests upon a domestic decree, he may apply "for a modification of the decree as to future payments" (*Parkinson* v. *Parkinson,* 222 App. Div. 838 [2d Dept.]). In this State, on an appropriate showing, the court may reduce the alimony previously awarded to the extent of the claimed diversion, and allow the husband to pay directly some of the infants' expenses (*Fornatora* v. *Fornatora,* 256 App. Div. 161, 162).