■ ANTHONY PAOLUCCI, Appellant, v GINA DAMINI, Respondent.—Judgment unanimously affirmed, with costs, Simons, J. not participating. Memorandum: Plaintiff seeks specific performance of an alleged agreement whereby in consideration for his pledge of his one-third share of the stock in Millstream Lanes, Inc., to a bank to guarantee a loan to Lancaster Lanes, Inc., defendant would dispose of his stock in Lancaster Lanes which would ultimately be held by plaintiff's three sisters. The alleged agreement further provided that the defendant would be paid $30,000 by Lancaster Lanes. Special Term granted defendant's motion for summary judgment and dismissed plaintiff's complaint upon the merits. Plaintiff, as promisee in this alleged third-party beneficiary agreement, under proper circumstances would be entitled to specific performance ordering the defendant-promisor to render performance to the donee third-party beneficiaries *(Croker v New York Trust Co.,* 245 NY 17, 20; see, also, *Matter of Associated Teachers of Huntington v Board of Educ.,* 33 NY2d 229, 234; *Rosenblatt v Birnbaum,* 20 AD2d 556, affd 16 NY2d 212). However, the donee beneficiaries signed releases relinquishing all "claims, demands, damages, causes of action, or suits" which might arise out of the alleged agreement, thereby rendering the promisor-defendant's performance impossible. Under these circumstances specific performance, an equitable remedy, is not warranted (see *Yorktown Homes v County of Westchester,* 7 NY2d 321). Further, there is no evidence that the defendant was ever tendered the $30,000 required by the alleged agreement. Therefore, unless and until such a condition has been fulfilled, the defendant cannot be held to be in breach. Thus, there is a failure to allege a cause of action for breach of contract. As his first affirmative defense in his answer to the complaint, defendant timely raised the defense that plaintiff failed to state a cause of action (CPLR 3211, subd [a], par 7). (Appeal from judgment of Erie Supreme Court—specific performance.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.