Joseph A. Cox, S.
The testator’s will bequeaths his residuary estate to' a trust company (not an executor) as trustee “ ‘in trust ’, to receive the income and profits thereof and to invest and reinvest the-same in their [sic] discretion in securities legal for trust funds ” and to pay the income to a niece of the testator. The will directs that the niece be paid a minimum monthly sum and the trustee is authorized to invade principal for the benefit of the niece in the trustee’s discretion. A further provision is that stated amounts be paid to the niece upon the birth of children to her. The will makes a disposition of the fund upon the niece’s death to certain relatives of the testator and the then living children of the niece.
The petition in this proceeding for the settlement of the account of executors treats the will as creating a residuary trust but on the return of the citation the niece submitted a paper, labeled a petition, in which request was made that the residuary provision of the will be construed as creating an annuity and that she be paid the commuted value of such annuity. The submission of this so-called petition introduced an issue which was not presented by the petition of the executors, directly or inferentially, but it is claimed that all the interested parties have reached an agreement with the niece as to the disposition of the residuary estate. This is true as to certain adult parties who have appeared through an attorney in fact but the children of the niece, who are mentioned in the will as the ultimate recipients of a portion of the residuary fund, are not represented and it is suggested that these interests need no representation because the niece has no child and is not “ expecting any.” This suggestion must be rejected because, to the mind of the court, construction of the will should not be had without proper representation of all interests, contingent though some may be. It is quite obvious that the position of such children would be that the will creates an indestructible trust (Matter of Wentworth, 230 N. Y. 176) and that Matter of Harris (276 App. Div. 990, affd. 302 N. Y. 752), a case herein relied upon, but involving *139 the revocability of an inter vivos- trust pursuant to section 23 of the Personal Property Law, is without application. Accordingly, for the adequate protection of all interests the court will appoint a special guardian to represent the unborn issue of the testator’s niece, Mrs. Sandor Winter.
The attorney in fact for certain adult parties has submitted an application for a fee based upon services rendered in negotiating with the niece a settlement agreement which provides for immediate distribution of the residuary assets. The principals of the attorney in fact are residents of Hungary and, because of such residence, payments of any sums to which they may become entitled will not be paid to them or their attorney in fact but will be deposited for their benefit in the city treasury (Matter of Braier, 305 N. Y. 148, appeal dismissed 346 U. S. 802; Surrogate’s Ct. Act, § 269-a). The application for compensation is premature at this time and will be dealt with when the will has been construed and the effectiveness of the settlement agreement has been determined.
The trustee named in the will has renounced appointment and application for the appointment of a substituted trustee has not been made. During this vacancy in the office of trustee the executors have exercised discretionary powers granted by the will to the trustee. Were the present parties to the proceeding not contending that, in fact, a testamentary trust is not created by the will, the court would deem it imperative that a trustee be placed in office and be made a party to this proceeding, but such a direction would accomplish little were it to be determined finally that a commutable annuity was intended by the testator and trust functions are not to be performed. Consequently, the court will appoint a special guardian for unborn issue, as above stated, and, following the filing of the special guardian’s report, will construe the will. If it shall be determined that the will provides for a continuing trust, a trustee will be appointed upon application of any interested party or the special guardian and the court now directs that, in such event, the trustee be made a party to this accounting proceeding. Proceed accordingly.