Joseph A. Cox, S.
In this proceeding to settle the account of deceased trustees petitioners seek leave to purchase an annuity in lieu of future payments to annuitants under the will and to distribute the balance of the principal and undistributed income on hand to the residuary legatees. In the alternative it is asked that a successor trustee be appointed. Two of the residuary legatees ask for the appointment of such successor trustee.
The testator’s will provides a number of annuities. Some of the annuitants have died and other annuities have been satisfied by agreements of the parties reflected in prior decrees on accounting in this estate. The remaining annuitants are Mary Elizabeth De Vilaine, named in the will as Mary Elizabeth Jones, and her daughter, named in the will as Georgetta and now known as Georgette R. Stevens. The provision for them in the will reads as follows: ‘ ‘ Fifth: " * * to my granddaughter, Mary Elizabeth Jones, mentioned above, I also give and bequeath, the sum of One Hundred ($100.00) Dollars, per month, to be paid to her every month during her life, and at her death to be paid to her child, Georgette, every month during her life.” Under paragraph Tenth of the will the residuary estate passes to testator’s next of kin and heirs at law.
In a prior accounting a fund was reserved by the trustees for payment of this annuity and this was approved by the decree settling the account. Annual payments have been regularly made in accordance with the provisions of the will, the balance *144 of the fund now amounts to about $41,000 and all other assets have been distributed. It is proposed to purchase an annuity for approximately $28,000 for payment of the designated amounts to the annuitants and to distribute the balance of the fund on hand to the residuary legatees. Although principal may be invaded to provide for annuity payments, it would appear that the income from the fund on hand should be sufficient to provide the required annual payments and, in view of this, it is the contention of the objectants that their presumptive remainder gift should not be diminished by the purchase of an annuity.
The court finds no adequate reason at this late date why the annuity payments should not be continued since to do otherwise would be detrimental to the residuary legatees. A successor trustee will be appointed on nomination.
The reasonable compensation of the attorneys for petitioners is fixed and allowed in the amount requested.