Joseph A. Cox, S.
The testator disposed of his estate by a will which created three trusts for the respective benefits of his sister Valeria, his sister Magdalena and his nephew Peter. These sisters are the distributees of the testator. At the date of the will all of these beneficiaries resided in Czechoslovakia and the will contains their respective residence addresses in that country. The testator’s direction with respect to each trust was that the trustee pay over $20 monthly for the purchase of food, necessaries or articles to be sent to the beneficiaries. The lan *693 guage of the trust for the benefit of Valeria reads, insofar as pertinent, as follows: “ 1 — That one-third (%) of the assets of my ‘ Residuary Estate 5 be held in trust for my sister Valeria rolanova, Hviezdoslavovo Namesti, c. 15/V, Bratislava, Czechoslovakia, and I direct my Trustee to pay over the sum of Twenty ($20.00) Dollars monthly of the income (and principal if required) to an agency or organization, of my Trustee’s election to send to my sister, above named, food, necessaries or articles (both or all) requested by my sister so long as she shall live, except in the event she fails to receive the above said packages or no longer wishes the said packages containing the above mentioned sent to her as above directed, then I direct my Trustee to pay over the remainder of the said Trust to the then existing Trusts created by my Will, if in the event all said Trusts have terminated, then I direct that the remainder of the said Trust shall be equally divided, share and share alike, between the marble collegiate church, located at 1 West 29th Street, New York City, and the American foundation of religion AND PSYCHIATRY. * * * ”
Valeria is now a resident of the United States and she asks that the testamentary provision for her benefit be construed as entitling her to the entire residuary estate. No purpose will be served by an attempted analysis of the arguments in support of this broad contention and it is sufficient to say that the arguments made do not find support in the will. The contention that the will creates annuities and not trusts is rejected inasmuch as all the elements necessary to create trusts are in this will (Matter of Gargyan, 27 Misc 2d 137 and N. Y. L. J., April 18, 1961, p. 15, col. 4; Matter of Purvey, N. Y. L. J., May 8, 1962, p. 17, col. 7; Matter of Gantz, 33 Misc 2d 143).
The primary question is to determine the effect of Valeria’s removal from Czechoslovakia to the United States for, if the testator’s purpose was to provide her with some subsistanee only because she was behind the Iron Curtain, the fundamental purpose of the trust has failed. It is asserted by one of the remaindermen that this is the fact and the trust has terminated but the court does not read this intention into the will. The testator was confronted with a difficult problem inasmuch as he knew, or would be chargeable with knowledge, that money payments could not be transmitted to Czechoslovakia and any monetary bequests to his immediate relatives would not in fact benefit them (Matter of Braier, 305 N. Y. 148; Matter of Geiger, 7 N Y 2d 109). The will was an attempted solution of this problem and an effort to benefit his relatives to the extent practicable under the restrictions imposed upon him. There is no *694 basis to read into this will an intention on the testator’s part to bequeath his sister only packages of foodstuffs and to deprive her of any benefit in the form of cash money. In view of the limited size of this estate, it could well have been within the contemplation of the testator that the trust funds would be consumed by his relatives and the remaindermen would receive nothing. It would not be consistent with the plain purpose of the testator if his sister were to be deprived of any benefit and the charities, to whom he bequeathed the remainders, were to be placed in the positions of full beneficiaries.
Oral testimony as to statements of the testator to the draftsmen of his will were received subject to a motion to strike. This testimony referred to statements made at the time of the will’s preparation and statements made sometime thereafter. The motion to strike this testimony is granted. In the construction of a will the intention of a testator is to be gathered from the will, read as a whole (Matter of Evans, 234 N. Y. 42; Matter of Schliemann, 259 N. Y. 497) and when the judicial conscience is in doubt as to the construction of a particular portion of the will, the circumstances surrounding the testator at the time of the paper’s execution may be considered (Matter of Smith, 254 N. Y. 283; Matter of Neil, 238 N. Y. 138; Collister v. Fassitt, 163 N. Y. 281; Bradhurst v. Field, 135 N. Y. 564) and inquiry may be made as to the testator’s fortune and family (Matter of Title Guar. & Trust Co., 195 N. Y. 339). Parol evidence is not admissible to contradict the language of a will or to provide an intention that has been omitted from the instrument (Matter of Smith, supra; Dwight v. Fancher, 245 N. Y. 71; Brown v. Quintard, 177 N. Y. 75; Matter of Nelson, 268 N. Y. 255; Matter of Tamargo, 220 N. Y. 225; Matter of Gautier, 3 N Y 2d 502, 510.) Testimony may be resorted to in the event of an ambiguity in the words of the will but an expression of intention made after the execution of the instrument may not be availed of in a search for testamentary purposes (Morris v. Sickly, 133 N. Y. 456).
Under the circumstances the court construes the will as requiring payments of $20 monthly to the sister who is residing in this country. She is entitled to payments from trust income from the date of the testator’s death and any deficit is to be paid from the principal of her trust (Personal Property Law, § 17-b).
The court will not permit the transmittal of food or necessaries to those Iron Curtain countries which have adopted confiscatory policies and uncertainty exists as to the possibility of administering the trusts for residents of Czechoslovakia for the benefit of the beneficiaries within the intent of section 269-a of the Surrogate’s Court Act. The matter will be restored to the calendar *695 in order to give any party an opportunity to present proof in this respect.
The resignation of the trustee is accepted and a successor trustee will be appointed upon the nomination of the parties to this proceeding. The objections to the account of the executor having been withdrawn, rulings upon such objections have been obviated.
The matter is set for further hearing on October 29, 1962, at 11:00 a.m.