Van Voorhis, J.
The Appellate Division has denied a motion to dismiss the complaint for legal insufficiency. We think that the result is correct but for different reasons. A motion to dismiss a complaint cannot be granted if it contains any valid cause of action (Dulberg v. Mock, 1 N Y 2d 54, 56). This complaint does not present the question on which the Appellate Division divided, whether a wife can be subjected to an interlocutory judgment requiring her to render an accounting in equity of her expenditure of moneys paid to her under a separation agreement for the maintenance and support of children, as the trustee of an express trust.
This complaint alleges that a separation agreement was entered into between plaintiff and defendant Freda Birnbaum, who were formerly husband and wife, whereby plaintiff agreed to pay $1,000 per month to be used by her solely for the support and maintenance of their two children. Thereafter she obtained an Alabama divorce and married defendant Martin Birnbaum.
By paragraph 14 it is alleged: ‘ ‘ Upon information and belief, that subsequent to her marriage to Martin Birnbaum, defendant Freda Birnbaum undertook to divert a substantial part of the payments of $1,000.00 each month which moneys had been forwarded by plaintiff to defendant Freda Birnbaum solely for the support and maintenance of their children, Dorrie and Wendy, for other purposes; and, more particularly, upon information and belief, a substantial part of said moneys which plaintiff had forwarded solely for the said children’s support and maintenance was diverted by defendant Freda Birnbaum for the benefit of defendant Freda Birnbaum and her said present husband, defendant Martin Birnbaum.”
Next it is alleged that plaintiff complained to her about this, that she admitted to plaintiff that she had not been using all *217 of the moneys forwarded to her for the children’s support and was accumulating part of them as savings for the children, which is alleged to have been untrue.
Then follows the crucial allegation contained in paragraph 18, which reads: “ That prior to December 13,1961, plaintiff offered to compromise the aforesaid controversy between himself and defendant Freda Birnbaum, involving defendant Freda Birnbaum’s aforesaid diversion of the moneys forwarded to her by plaintiff solely for the support of their children, Dorrie and Wendy, and concerning plaintiff’s aforesaid demand for an accounting by defendant Freda Birnbaum of the manner in which she had been using said moneys forwarded to her solely for said children’s support, by plaintiff undertaking to make the following offer of settlement of said controversy, to wit: (a) That $300.00 out of the monthly payments of $1,000.00 which plaintiff would forward to defendant Freda Birnbaum for the support and maintenance of the children, would be allocated as moneys to be set aside as savings for the benefit of their said children, Dorrie and Wendy respectively; (c) that one-half of said allocated monthly payments of $300.00, namely, $150.00, would be deposited in such bank account to be opened for Dorrie when received by defendant Freda Birnbaum, as custodian for Dorrie, as savings for the benefit of Dorrie; (d) that the other $150.00 would be deposited by defendant Freda Birnbaum in such custodian account which she would open for Wendy upon receiving said moneys for said purpose from plaintiff each month, which moneys would be so kept as savings for the benefit of Wendy; and (e) that said moneys to be so deposited in said custodian savings accounts for the benefit of Wendy and Dorrie, respectively, would be accumulated in such accounts until each of them, respectively, would attain the age of twenty-one years, at which time the accumulations in said respective accounts would be turned over to each of them respectively. ’ ’
It is then alleged that, in pursuance of said offer of compromise, plaintiff delivered 13 checks, specifically enumerated, of $150 each payable ‘ ‘ to the order of Freda Birnbaum as Custodian of ” one or other of the two children respectively, $1,200 for one and $1,050 for the other.
Although defendant Freda Birnbaum indorsed and cashed these checks, aggregating $2,250, it is alleged that she
‘ ‘ Failed and refused to deposit said moneys in custodian *218 bank accounts to be held by her as Custodian for the benefit of Wendy and Dorrie until they each attained the age of twenty-one years as aforesaid; and upon information and belief defendant Freda Birnbaum diverted the said moneys entrusted to her for the purpose of depositing same in custodian bank accounts, as aforesaid, for the benefit of the aforesaid children, to her own use and to the use of the defendant Martin Birnbaum, and defendant Freda Birnbaum has refused to account therefor although due demand therefor has been made.
“ That by reason of the premises, defendant Freda Birnbaum should be declared trustee of the foregoing sum of $1,200.00 which has been entrusted to her by the plaintiff for the purpose of placing same in a custodian bank account for the benefit of the infant Dorrie Rosenblatt, and defendant Freda Birnbaum should be declared trustee of the sum of $1,050 which had been entrusted to her by the plaintiff for the purpose of placing .same in a custodian bank account for the benefit of the infant Wendy Rosenblatt.”
A second cause of action alleges that defendant Martin Birnbaum knew that said $300 per month was being forwarded to Freda for deposit in custodian accounts as savings for said infant children, and, with such knowledge, used such moneys for his personal use.
The prayer for relief is that Freda be declared trustee of the aforesaid $1,200 for one child and of the aforesaid $1,050 for the other, that plaintiff or some other suitable person be appointed as trustee 11 of the aforesaid $2,250.00 entrusted to and delivered by plaintiff to defendant Freda Birnbaum to be held in custodian bank accounts for the benefit of said infants,” that Freda be directed to account to such trustee ‘ ‘ for the said moneys so delivered in trust to her by the plaintiff, as aforesaid” (italics supplied), and that defendant Martin Birnbaum be directed to account to such trustee for any of said $2,250 which he has used for his own personal benefit.
Additional to said $300 per month paid to Freda as custodian for Dorrie and Wendy, the complaint alleges that plaintiff also forwarded to her $700 more per month, which, plus the $300, aggregated the $1,000 per month provided by the original separation agreement.
*219 Even though defendant Freda Birnbaum purported to repudiate the $300 per month custodial arrangement by a letter from her lawyer labeled Exhibit 0 annexed to the answer —'which is probably not before the court on this motion addressed to the sufficiency in law of the complaint—her indorsement and cashing of these checks committed her to the custodial condition on which they were delivered. ‘ ‘ What is said is overridden by what is done, and assent is imputed as an inference of law ” ( Cardozo, Ch. J., in Hudson v. Yonkers Fruit Co., 258 N. Y. 168, 171, quoted in Carlton Credit Corp. v. Atlantic Refining Co., 12 A D 2d 613). In the latter decision the Appellate Division said: ‘ ‘ The plaintiff could not accept the payment and reject the condition [citing, cases]. It was fully aware of the attempt to satisfy the amount claimed with a lesser payment but despite that it accepted the check with the condition imposed. True, it is stated that there was no intention to accept the check in full satisfaction and protest was registered. However, such protest is unavailing.”
Defendants argue that there was no consideration for modification of the $1,000 per month payments required to be made under the separation agreement, but, in doing so, they overlook that an accord and satisfaction exists where there is “ assent to the acceptance of a payment in compromise of a dispute,” as well as “ in extinguishment of a liability uncertain in amount ”. (Hudson v. Yonkers Fruit Co., supra, p. 171.)
Here, if the facts in the complaint are true, as we arc bound to assume they were, a dispute existed by reason of the diversion of funds paid under the separation agreement for the benefit of the children. Regardless of whether defendant Freda Birnbaum is accountable in equity as a trustee, plaintiff could not have been without remedy on the facts stated. He could have declared the separation agreement broken, and subjected himself to making such other payments for their support and maintenance as a court might prescribe, or could have moved for change in custody or applied for other relief. He could not have escaped supporting his children, but he was no longer obligated to regard the separation agreement as the measure of their support (Borax v. Borax, 4 N Y 2d 113; Magrill v. Magrill, 16 Misc 2d 896 [Pette, J.]). Although disagreeing with the majority that she was subject to an accounting in *220 equity, the dissenting Justices at the Appellate Division pointed out that “ a husband who believes that his wife or former spouse is diverting alimony intended solely for the support and maintenance of their infant issue is not without adequate remedy where a factual basis for relief exists ” and enumerated various existing specific forms of possible relief.
Thus if, as the complaint alleges, plaintiff correctly accused his wife of diverting these moneys and told her that he would continue sending the $1,000 per month only if $300 thereof was deposited in banks in her name as custodian for the children, plaintiff was in a position to declare the separation agreement at an end or seek other relief if he so elected. She did not have to accept the $300 per month on these terms, but she did accept 13 of these payments aggregating $2,250 on that basis. Being in a position to cancel the contract, or obtain some other form of relief, plaintiff was not legally obligated to continue paying the $1,000 per month under the separation agreement. A substantial dispute existed if the allegations of the complaint are true. Defendant Freda Birnbaum knew that, unless she acceded to plaintiff’s offer to segregate the monthly allowance of $1,000 by putting $300 thereof in the bank as custodian for the children, he was in a position to terminate the agreement or proceed otherwise as he might be advised.
Therefore Freda Birnbaum may be held to be accountable at least in relation to her disposition of said $2,250 as trustee of an express trust. Her second husband, defendant Martin Birnbaum, having had knowledge of the trust purposes for which said checks had been delivered, and having participated in the diversion thereof, is also accountable as a constructive trustee for such of said trust moneys and with respect to any of the $1,000 per month paid by plaintiff as were used by him personally (Zimmerman v. Kinkle, 108 N. Y. 282, 287; First Nat. Bank v. National Broadway Bank, 156 N. Y. 459, 467-468).
In what has gone before we have analyzed the complaint as it is drawn, which, as previously stated, does not pose the question whether a wife has the burden of being subjected to an equitable accounting for her disposition of installments paid to her under a separation agreement for the support and maintenance of the children of the marriage. The only relief sought with respect to money paid to her in excess of said *221 $2,250, either before or after plaintiff commenced sending the separate monthly checks aggregating $300, is in paragraph (f) of the Wherefore clause which asks: “ That the defendants Freda Birnbaum and Martin Birnbaum be enjoined from using any part of the moneys heretofore delivered to her and which may hereafter be delivered to her by plaintiff for the support and maintenance of the infants, Dorrie and Wendy Rosenblatt, for the use of defendant Martin Birnbaum or for the payment of any of said defendant Martin Birnbaum’s obligations or for any purpose other than for the support and maintenance of the said infants, Dorrie and Wendy.”
Whether such an injunction should be granted should not be decided until after trial. In Ebenstein v. Pritch (275 App. Div. 256), in dismissing a complaint for the diversion of what was supposed to have been a $50,000 lump sum payment by the husband for the benefit of a child, the opinion of the court stated (p. 258): “ The object of this action, brought by the former husband, is to rescind the separation agreement by reason of the diversion of these assets by the defendant Pauline Pritch to other purposes, or to confine their use and expenditure to the purposes intended. It may well be that a husband has some rights that are enforcible in equity to confine the application of a lump-sum payment under a separation agreement to the objects stated in such agreement, and that if substantial assets actually were transferred by this man to his former wife pursuant to such an agreement, he might be entitled to some relief.” The complaint was there dismissed for the reason that it was merely conclusory in alleging that the plaintiff transferred anything of substantial value to his former wife.
At the trial of the present action, some form of injunction may be found to be in order. We do not decide that now. Certainly plaintiff might well be entitled to have his former wife enjoined from utilizing any moneys paid to her under this separation agreement to fund her second husband’s personal indebtedness. The complaint does not ask for a declaratory judgment and we do not decide respecting whether she is bound to receive $300 a month as custodian out of the monthly $1,000 if she refuses to accept future installments on that basis.
The record does not present the question whether a wife, under the circumstances mentioned, is accountable in equity as a *222 trustee for moneys paid to her generally, under a separation agreement or matrimonial decree, for the exclusive use of children of the parties, and it should not be regarded as a precedent on that issue. It is enough, for present purposes, that the complaint alleges some cause of action, and, for that reason, it should not he dismissed.
The order appealed from should be affirmed, with costs, and the question certified answered in the affirmative.
Chief Judge Desmond and Judges Dye, Fuld, Burke and Bergan concur with Judge Van Voorhis; Judge Scileppi dissents and votes to reverse upon the dissenting opinion at the Appellate Division.
Order affirmed, etc.