A. Franklin Mahoney, S.
This is a construction proceeding initiated by the executors of the last will and testament of Israel Chodikoff wherein a decree is sought construing article “ fifth ” of said will so as to determine the estate tax liability of specific and residuary legatees as well as the beneficiary of nontestamentary assets.
In connection with this proceeding the testimony of the lawyer-draftsman, one of the executors, was taken before the court.
The deceased died on December 5, 1962. On August 30, 1963, a will dated October 8,1958, and a codicil thereto dated November 25,1960 were admitted to probate as the last will and testament of the deceased.
*87 Article ‘ ‘ fifth ’ ’ of the will provides as follows: ‘ ‘ fifth : I direct my Executors hereinafter named to pay all inheritance, estate, succession and legacy taxes upon my estate, and to which my estate by transfer of property hereunder, may be subject, out of the residue estate and as an expense of administration, and that all specific legatees and beneficiaries in Paragraphs ‘ second ’, ‘ third ’ and fourth ’ of this Will shall pay no tax whatsoever, and without apportionment thereof.”
The codicil referred to above provides for two additional bequests and an addition to the residuary estate, while in all other respects affirming the provisions in decedent’s will. Further, the decedent, prior to his death, created an insurance trust by depositing with the trustee certain insurance policies on his life. The proceeds of these policies have been paid over to the trustee for the use and benefit of decedent’s wife.
These provisions of the will and codicil have raised the question of whether the required departure from the mandate of section 124 of the Decedent Estate Law extends to the legacies in the codicil and the nontestamentary insurance proceeds.
Under the provisions of section 124 of the Decedent Estate Law, taxes are to be apportioned unless there is a contrary direction in the will. In this case, article “fifth” contains language of exoneration which is specific in its application to paragraphs ‘ ‘ second ”, “ third ’ ’ and ‘ fourth ’ ’ of the will. These legatees are fully exonerated from paying any share of the Federal or State estate tax. An issue arises only in respect of the applicability of article ‘ ‘ fifth ’ ’ to the nontestamentary insurance asset and to the two additional bequests in the codicil. Is the residuary estate to be diminished by the impact of the full tax or should all bequests and nontestamentary gifts other than those specifically exonerated in article “ fifth ” pay their proportionate share?
To resolve this issue the question first to be disposed of is whether the testimony of the draftsman should be considered by the court in gleaning the intention of the testator. This question is answered in the negative. It is the text of the will and not extrinsic proof which controls a construction of a will. (Matter of Wise, 20 A D 2d 55, 59, affd. 15 N Y 2d 591.) The fact that the testator, in paragraph ‘ ‘ fourth ’ ’ of the codicil, referred to an extrinsic instrument, to wit, the last will and testament of his breiher, should not be permitted to be the hinge to open the gate to explanatory testimony of the draftsman as to the intention of the testator. To consider such testimony would be tantamount to permitting a nonjudicial construction of decedent’s will. This cannot be allowed. The will, in the absence *88 of ambiguity, must speak for itself. Declarations of intent made to an attorney, not found in the will, are inadmissible. (Matter of Smith, 254 N. Y. 283, 289; Matter of Frederick, 41 Misc 2d 759.)
In the absence of a clear direction to the contrary in the will, apportionment pursuant to statute will be directed. Those who seek to avoid apportionment so as to relieve bequests or nontestamentary gifts of a tax must bear the burden of proof. (Matter of Pepper, 307 N. Y. 242; Matter of Shubert, 10 N Y 2d 461, 471.) Where, as herein, a direction to pay estate taxes out of the residuary estate is qualified by language indicating an intent to exonerate certain specific bequests, no intent to exonerate nontestamentary beneficiaries will be implied. (Matter of Fairchild, 15 Misc 2d 272, 275.) In such a case, the provisions of subdivision 4 of section 124 of the Decedent Estate Law would apply. This subdivision limits the effect of any direction as to apportionment contained in the will to property passing under the will.
However, in this matter, it is unnecessary to imply an intent to exonerate the only nontestamentary asset of the deceased; namely, the proceeds of his insurance policies. A full reading of the will discloses a clear and unambiguous intention of the testator to pass on to his wife their home and sufficient moneys to adequately provide for her security after his demise. Paragraph “ second ” is almost verbose in its effort to spell out the decedent’s intent that his wife be vested with title to his home or, in lieu thereof, a sum equivalent to the full sales price of the same. In part, paragraph “second” reads as follows: “I give, devise and bequeath to my wife, anne chodikoep, the residence I now occupy * * * together with all the contents of every kind and description * * * absolutely and forever. In the event that I should sell * * * the said premises * * * during my lifetime, and purchase another residence, then I give, devise and bequeath whatever residence I may own at the time of my death * * * to my wife * * * In the event I shall sell * * * the residence which I now occupy * * * or any other residence which I may own during my lifetime, then * * * I direct that my wife * * * shall receive out of my estate, a sum of cash which shall be equivalent to the sales price received by me * * * it being my intention that my said wife * * * ' shall receive such a sum which shall represent the sales price of the last residence I may own * * * In any event, however, she shall receive the contents of any such residence. It is my direction that my wife * * * shall receive any residence which I may own at the time of my *89 death, free and clear of any lien or encumbrance of whatsoever nature and I direct that if there be any lien or encumbrance thereon, that the same be paid and discharged out of the residue of my estate.” (Italics supplied.)
Paragraph “ third ” bequeaths $5,000 outright to testator’s wife.
Paragraph ‘ ‘ sixth ’ ’ then refers to the nontestamentary insurance arrangement which the testator created in consideration for the execution by his wife of a waiver of her right to take against his will. The testator recites in this paragraph that the mutual arrangement was arrived at ‘ ‘ after due discussion ’ ’ and, further, he and his wife, “ have agreed [the insurance proceeds (insertion mine)] will adequately and fairly provide for her maintenance and support during the years of her natural life ’ ’. Certainly, a full reading of paragraphs “second”, “third” and “ sixth ” evidence an undeniable intention on the part of the deceased to provide for all of his wife’s comforts and needs during her lifetime. The language employed to express this intention is clear and precise and nowhere is there any suggestion, implication, inference or, even, innuendo that the bequests to his wife are to be diminished by the payment of estate taxes. It is regrettable that article 11 fifth ’ ’ containing the exoneration clause did not mention paragraph ‘ ‘ sixth ’ ’ but this fault, if it be one, is mechanical in nature and should not thwart the clear and obvious intention of the testator that his wife should receive her bequests, both testamentary and nontestamentary, unburdened by taxes. It would be illogical for a man, after discussion with his wife as to the best testamentary plan to provide for her needs and comfort, to decide to exonerate the smaller gifts while imposing the burden of taxation on the greater.
While I concur with counsel for the residuary legatee that the location of the tax clause, article ‘ ‘ fifth ’ ’, in the will, is important in determining intent, I cannot agree that it is decisive. Normally, when the tax clause precedes a bequest and paragraphs following the tax clause are not particularized in the paragraph containing the tax clause, the recipients of such dispositive paragraphs are excluded from exoneration. This, however, is a canon of construction to be used as a guide in the search for intent and should not be afforded the impact of law, when a full reading of the testamentary instrument readily and clearly reveals an intent that makes inapplicable such a canon. Accordingly, the nontestamentary insurance asset is exonerated from its share of any estate tax that may be levied,
*90 Next, since I have determined that the location and language of particularization utilized in article “ fifth ”, when read in the context of the full testamentary instrument (will and codicil) is not conclusive, it remains to be decided if the tax clause is general or limited in its application. To make this determination, the language of the will with respect to exoneration must meet the test laid down by the Court of Appeals in Matter of Pepper (307 N. Y. 242). It must be “ clear and unambiguous ” to except bequests from the mandate of the statute. The phrase “ clear and unambiguous ”, however, should not be regarded as synonymous with “ precision ” or “ certitude ”. If a full reading of the testamentary instrument reveals an overall dispositive intention, such intention should be given effect, albeit, it might have been more precisely expressed. (Matter of Buechner, 226 N. Y. 440, 444.) When the testator’s intent has been clearly manifested, there is no cogent reason for nullifying that intent (Eidt v. Eidt, 203 N. Y. 325, 328) provided it does not conflict with public policy or some prohibition of statute. (Matter of Baker, 174 Misc. 93, 96; see, also, Williams v. Jones, 166 N. Y. 522; Chew v. Sheldon, 214 N. Y. 344.)
In my view, the intention of the testator herein is “clear and unambiguous ” and is to the effect that the residuary estate is to bear the full impact of estate taxation. All parties herein concede that if article ‘ ‘ fifth ’ ’ did not refer specifically to paragraphs “second”, “third” and “fourth” but had concluded before the conjunctive “and” the full tax burden would fall on the residuary estate. Further, there can be no dispute that the particularization of certain but not all dispositive paragraphs in the will raises the issue of limitation. Yet, for the reasons advanced above in excluding the nontestamentary insurance asset from tax, it follows that while application of formal canons of construction might, perforce, limit exoneration only to the recipient of those paragraphs specifically mentioned in article “ fifth ”, it would result, in my view, in defeating the “ clear and unambiguous ” intent of the decedent. Canons of construction are only tools of the searcher for intent and should not be applied with such rigidity that they defeat the very purpose for which they were intended. To hold, in this case, that the tax clause in article ‘ ‘ fifth ’ ’ of the will is limited would, at time of execution of the will but before the codicil, have the effect of imposing on the beneficiary of a $1,000 bequest in paragraph “ seventh ” a share of the estate tax burden along with the residuary legatee. Patently, this was not the testator’s intent. The tax clause, therefore, being general in application, *91 exonerates the bequests in paragraphs “ first ” and “ second ” of the codicil.
The residuary estate is to pay all Federal and New York State taxes that may be levied against this estate.
Since this application is not made in connection with a petition for judicial settlement it is premature for me to determine if the residuary estate is sufficient to pay the tax. However, I agree in principle with the law of proration of taxes as enunciated in Matter of King (6 Misc 2d 922).