In the Matter of the Trust Created by Robert Goelet, Deceased. Robert Goelet, Jr., Appellant; Lynn M. Goelet, Respondent; Sidney W. Davidson et al., as Executors and Trustees of Robert Goelet, Deceased, Respondents.

First Department, October 19, 1967.

150

*Irving I Erdheim* of counsel (*Michael F. Erdheim* with him on the brief; *Erdheim & Armstrong & Shalleck,* attorneys), for appellant.

*Sidney A. Florea* of counsel (*Irving Brown* with him on the brief; *Field, Florea & O'Rourke,* attorneys), for Lynn M. Goelet, respondent.

*Leslie D. Dawson* of counsel (*Davidson, Dawson & Clark,* attorneys), for executors and trustees, respondents.

STEUER, J. P.   While we are in substantial accord with the disposition of the Surrogate, we find that the decree requires modification in some respects. Briefly stated, the facts are: The petitioner was formerly the wife of respondent. They were divorced in 1956. Prior to the divorce they had entered into a separation agreement which all parties agree has survived the divorce and still is in effect. In addition to other provisions for support, the agreement provides that if respondent should receive or be entitled to receive from his father by gift, legacy or otherwise any principal or income he would pay over to her 10% thereof until $25,000 had been so paid; and of any additional sums received, 5%. It further provided that if he acquired any assignable interest in such property, he would execute an assignment to her to the extent of the above percentages. Respondent's father died on February 6, 1966. The will sets up a trust for the respondent with the income therefrom payable to respondent for life.

Upon proof of these facts, the Surrogate ordered the trustees to make payments out of the income accruing on the trust in accord with the terms of the separation agreement. It was further ordered that respondent execute an assignment to that effect. (The specific terms of the assignment are not set out in the decree but presumably would assign so much of the income from the trust as would accomplish the purposes of the separation agreement.)

In this last respect the decree is contrary to law. The Surrogate's Court has no general equity jurisdiction which empowers it to entertain an action for specific performance (*Matter of Venblow,* 2 A D 2d 365). It is only where used to the extent required in the orderly administration of an estate or other proceeding of which the court has jurisdiction that the Surrogate may exercise equitable powers. So while it was quite proper for the Surrogate to give directions to the trustees for payments from the trust income, no jurisdiction exists to specifically enforce the separation decree. (See 1 Warren's Heaton, Surrogates' Courts [6th ed.], p. 192, quoted in *Matter of Venblow, supra,* p. 370). In the cases relied on by the petitioner the relief was confined to directions to the trustees.

Secondly, it is a basic principle of the law of spendthrift trusts that the income until it becomes the property of the *cestui* is inalienable (*Matter of Littauer,* 285 App. Div. 95). There are, however, certain exceptions. One, not applicable here, is where the trust instrument so provides. A second is where the beneficiary has made an assignment to a member of his family for the support of the assignee. Lastly, the Surrogate may effectuate a judgment of divorce by directing the trustees to make alimony payments directly (*Wetmore* v. *Wetmore,* 149 N. Y. 520). Payments pursuant to a separation agreement come in the same category (*Matter of Yard,* 116 Misc. 19).

These exceptions, it should be noted, avoid a circuity of action to accomplish what the *cestui* is obligated to do, not by his own agreement but by the operation of law. While it is true that a separation agreement providing for support is the voluntary act of the *cestui,* it is merely a convenient method of arranging the details of what the husband is obliged to do by law apart from the agreement. To the extent that the agreement represents and is a substitute for an obligation to support, the invasion of the trust is proper. No case that we are aware of has held that an invasion would be permitted beyond that obligation.

There are possible situations where the assignment might, dependent on future eventualities, constitute an improper inva-

sion, where the direction to the trustees does not. One of these may arise because the separation agreement provides that the payments are to continue whether or not the petitioner remarries. That provision, which the parties were capable to so contract, goes beyond the husband's legal obligation to support. An assignment for that purpose could not be ordered in equity. The provision of the agreement is for an assignment of a legally assignable interest. No benefit from a spendthrift trust is legally assignable except for the support of a member of the assignor's family. In contemplation of law petitioner would cease to be such a person on her remarriage. The assignment ordered herein would effectuate the agreement but would create a situation where the trust was invaded for an unrecognized purpose. Should petitioner remarry, the trustees or the respondent could apply to the Surrogate's Court for relief, which would be unavailing in the presence of an assignment.

The decree of the Surrogate's Court, New York County, dated June 7, 1967, should be modified by striking therefrom the last decretal paragraph, and should be otherwise affirmed, without costs to any party.

CAPOZZOLI, TILZER, RABIN and McGIVERN, JJ., concur.

Decree unanimously modified, on the law, to the extent of striking therefrom the last decretal paragraph, and, as so modified, affirmed, without costs and without disbursements to any party.