JOHN I. MAHLER and MARTELLE H. MAHLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Mahler v. Commissioner
Docket No. 19314-84.
United States Tax Court
T.C. Memo 1987-64; 1987 Tax Ct. Memo LEXIS 60; 52 T.C.M. (CCH) 1552; T.C.M. (RIA) 87064; January 29, 1987. John I. Mahler, pro se. Clement Shugerman, for the respondent. WRIGHT
MEMORANDUM *63 FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined a deficiency of $1,406 in petitioners' 1980 Federal income tax. After a concession, [1] the sole issue for consideration is whether testamentary trust distributions received by petitioner-husband are excludable from his taxable income. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. At the time they filed their petition in this case, petitioners John I. Mahler and Martelle H. Mahler, husband and wife, resided in Vienna, Virginia.They timely filed a joint Federal income tax return for the taxable year in issue. On their return, Mr. and Mrs. Mahler reported income of $41,222.43 from wages, salaries and tips. No other income was listed. Martelle H. Mahler is a party solely because she filed a joint return with her husband. All future references to petitioner, therefore, refer to John I. Mahler. Petitioner is a beneficiary of a testamentary trust created by the Last Will and Testament of his father, Max Mahler, who *64 died December 25, 1971. [2] Under the terms of the will, the trustee, Chase Manhattan Bank of New York, was directed to dispose of trust income by paying $500 per month to petitioner during his lifetime, with the remainder of current income to be paid to petitioner's sister, Mari M. Halsey. The trustee was also authorized to make discretionary invasions of the principal for the benefit of Mrs. Halsey or her children. One paragraph of the will provides as follows: The foregoing provisions for my said son, JOHN, do not reflect any diminution in my regard for him, but are made solely because I believe that his best interests will be served by his having a fixed Six Thousand ($6,000) Dollars annual income for the rest of his life. *65 For its taxable year ended February 28, 1980, the trust reported to respondent non-taxable distributions of $996.96, resulting from income on tax-exempt investments, and taxable distributions of $3,227.40 from dividends and $566.04 from trust income. [3] These distributions were generated by current trust income. Petitioner did not report these distributions on the joint Federal income tax return which he and his wife filed for the taxable year ended December 31, 1980. In his notice of deficiency dated April 11, 1984, respondent made adjustments to petitioner's income to reflect the trust distributions received by petitioner. OPINION Subchapter J of subtitle A of the Internal Revenue Code governs the tax treatment of trust distributions. [4] If distributions are made to a beneficiary pursuant to the terms of the trust, they are includable in the beneficiary's gross *66 income and are taxable to the beneficiary to the extent of the trust's distributable net income as defined in section 643(a). [5]Secs. 652(a) and 662(a); secs. 1.652(a)-1 and 1.662(a)-1, Income Tax Regs. The income received by the beneficiary of the trust retains the same character in the hands of the beneficiary as in the hands of the trust. Thus, the amounts included in the beneficiary's gross income are treated as consisting of the same proportion of each class of items entering into distributable net income of the trust as the total of each class bears to such distributable net income, unless the terms of the trust specifically allocate different classes of income to different beneficiaries, or unless local law requires such an allocation. [6]Secs. 652(a) and 662(b); secs. 1.652(b)-1 and 1.662(b)-1, Income Tax Regs. This is often referred to as the conduit theory of trust taxation. See Isidro Martin-Montis Trust v. Commissioner,75 T.C. 381, 385 (1980); Alfred I. DuPont Testamentary Trust v. Commissioner,66 T.C. 761, 765 (1976). *67 Specifically, sections 651 and 652 apply the conduit principle to the income taxation of "simple" trusts. In general, a simple trust is one that is required to distribute all of its income currently, the terms of which do not provide for any amount to be paid or permanently set aside for charitable purposes, and which does not make any distribution other than of current income. Sec. 1.651(a)-1, Income Tax Regs. All other trusts and all decedents' estates are treated as complex trusts. [7] The record, specifically Form 1041 (the fidiciary income tax return) indicates that for the taxable year at issue, the trust herein was a simple trust. Considering the foregoing *68 principles, we now turn out attention to the arguments advanced by petitioner. Petitioner contends that the terms of the will which "fix" his income from trust distributions at $6,000 annually, as well as evidence of testator's intent, demonstrate that the tax burdens with respect to such income should be borne by the trust. He cites section 71(b) and the decisions in Commissioner v. Lester,366 U.S. 299 (1961), and Gotthelf v. Commissioner,48 T.C. 690 (1967), as support for his position. Petitioner claims that because his father regarded him as a fiscal minor, he established a spendthrift trust for petitioner's benefit and did not intend to burden petitioner with income tax obligations on the trust income. Petitioner also argues that the statutory provisions, specifically section 662, are inapplicable here because as the beneficiary of a spendthrift trust, he has no right of ownership in the trust and further that section 662 excludes distributions to beneficiaries of spendthrift trusts. Petitioner maintains that the trust distributions either should be considered gifts or be paid from tax-exempt sources of income within the trust. Because *69 the trustee allegedly did not furnish him with any information concerning the trust distributions or their character from the time of the trust's inception, petitioner also argues that the trust should "continue" to pay taxes on such trust distributions. We conclude that none of petitioner's arguments have merit. First, despite the testator's use of the term "fixed" in relation to the distributions totalling $6,000 annually, petitioner's reliance on Lester and Gotthelf as analogous to the situation her is misplaced. Those cases, which interpret section 71(b), are confined to situations involving divorce decrees which specifically designate amounts satisfying child support obligations and accordingly determine the tax treatment of such payments by former spouses. There is no corollary application involving distributions of trust income which requires that petitioner's tax burdens be assumed by the trust. Next, despite petitioner's assertions to the contrary, his right to receive trust income is property right. Under New York law there is a mandatory spendthrift restraint as to assignment of trust income unless the creator authorizes alienation.[8] However, spendthrift *70 provisions do not protect the beneficiary's interest from claims for tax liabilities to the Federal government. It is a fundamental principle of tax law that while state law creates legal rights and property interests, the Federal law determines whether, and to what extent, interest or rights so created shall be taxed. Morgan v. Commissioner,309 U.S. 626 (1940). Moreover, in the case of In re Rosenberg's Will,269 N.Y. 247, 199 N.E. 206 (1935), cert. denied 298 U.S. 669 (1936), the court held that the interest of a beneficiary under a New York spendthrift trust may be reached by the United States under an income tax lien and income not subject to prior judgment liens may be taken until the delinquent tax is paid. The court determined that New York cannot by its statutes override the Federal income statutes, and the interest of the beneficiary is property to which the income tax lien attaches. Thus, it follows that in the absence of a specific exemption *71 provided by the Code, income received by a beneficiary pursuant to a spendthrift trust is not entitled to tax-free disposition. Although petitioner argues that the testator intended that his son receive tax-free distributions, the testator's will does not specify that the trust is responsible for taxes or that distributions to petitioner should be made strictly from tax-exempt sources. We recognize that under New York law "[w]here the language of a will is ambiguous and susceptible of several constructions it is the Court's duty to employ * * * every means at its disposal to ferret out and effectuate the actual intent of the testator." [9] Such action is not necessary here inasmuch as the terms of the *72 will are clear and unambiguous. After examining the will as well as the entire record before us, we conclude that testator simply wished to ensure that his son would receive a monthly stipend without regard to the income tax consequences of such receipt. Additionally, other than excerpts from his sister's deposition at the will contest, which address only the issue of testator's opinion that his son is irresponsible with respect to money matters, petitioner has offered no extrinsic evidence of testator's intent as to the distributions' taxability. However, even if petitioner had offered such evidence of such intent, we would be reluctant to admit it because New York courts have consistently held that intent must be judged exclusively from the words of the instrument and that, where the writing is clear and unambiguous, extrinsic evidence is not admissible to vary or contradict the language of the will or provide an intention that has been omitted from the instrument. Matter of Estate of Lezotte,108 A.D.2d 1052, 485 N.Y.S.2d 626 (1985); In re Clark's Will,54 Misc.2d 1015, 284 N.Y.S.2d 244 (1967); In re Chodikoff's Will,50 Misc.2d 86, 270 N.Y.S.2d 175 (1966); *73 In re Braun's Estate,36 Misc.2d 692, 233 N.Y.S.2d 398 (1962). Further, we have examined the pertinent New York law and find no requirement that petitioner's distributions be specifically allocated from tax-exempt sources of income. With respect to petitioner's argument that the trust should pay taxes on the income received by petitioner, we note that section 61 requires that petitioner account for the payment of such taxes in gross income. Sec. 1.61-14, Income Tax Regs.; see also Bergan v. Commissioner,80 F.2d 89 (2d Cir. 1935), affg. 31 B.T.A. 526 (1934) (taxes of beneficiary paid by the trust held income to beneficiary). Petitioner's argument that his monthly stipend represents a gift must also fail. Under Subchapter J excludable gifts or bequests are restricted to *74 amounts which are paid or credited in a single distribution or in not more than three installments and which are either (1) a gift or bequest of a specific sum of money [10], or (2) a gift or bequest of specific property. Sec. 663(a)(1); sec. 1.663(a)-1(b), Income Tax Regs. These specific exclusionary provisions override the more general provisions contained in the section which excludes gifts and inheritances from gross income. Sec. 1.102-1(d), Income Tax Regs. Inasmuch as petitioner has received monthly distributions for numerous years and will continue to receive such distributions for the remainder of his lifetime, these distributions do not qualify under section 663 as an exclusion from the rules applicable to taxable distributions. It appears that for many years the trustee and the beneficiary each assumed that the other was paying taxes on the distributions of income. However, petitioner is not absolved from liability for taxes on trust distributions merely because he assumed that the trust had been paying *75 taxes in the past. [11] We also note that the evidence in this proceeding indicates that petitioner in all likelihood was in fact put on notice as to the taxable portion of the income received from trust distributions. Specifically, pursuant to a stipulation entered into with petitioner at trial, respondent submitted the information return filed by the trustee for the taxable year ending February 28, 1980. Attached to this return was a copy of the tax summary letter addressed to petitioner from the trustee, conveying information about the character of the trust distributions received by petitioner. This letter sets forth clearly the pertinent information necessary to assist petitioner in preparing his 1980 tax return. *76 We conclude that petitioner should have reported his trust distributions as income for the taxable year in issue except for that portion allocated to income from tax-exempt sources, and further that he, not the trust, is liable for tax on such income. [12] Respondent's determination is, therefore, sustained. To reflect the concession by petitioner and the foregoing. Decision will be entered under Rule 155.
Footnotes
1. Before trial, petitioners conceded $26.00 of unreported interest income.↩
2. Testator signed his least Will and Testatment on April 6, 1969, at which time his domicile was Westchester County, New York. In September, 1972, the will was probated in the Surrogates' Court of Westchester County. Testamentary trusts are generally governed by the law of the state where the testator was domiciled. See Schaffner v. Chemical Bank,339 F. Supp. 329↩ (S.D.N.Y. 1972). Therefore, as pertinent here, we will rely on the law of the State of New York.
3. Although the parties stipulated that the trustee has distributed $6,000 to petitioner each year since the inception of the trust, including 1980, the record shows that these distributions totaled $4,790.40 in 1980.↩
4. All section references refer to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue. ↩
5. Under these provisions, the trust is entitled to a deduction for the amount distributed to the beneficiary. Secs. 651 and 661↩. This avoids "double taxation" of trust income to both the trust and the beneficiary. 6. For example, under the regulations the terms of the trust are considered specifically to allocate different classes of income to different beneficiaries only to the extent that the allocation is required in the trust instrument, and only to the extent that it has an economic effect independent of the income tax consequences of the allocation. Sec. 1.652(b)-2, Income Tax Regs.↩
7. Sec. 1.661(a)-1, Income Tax Regs. Similarly, sections 661 and 662↩ apply the conduit principle as the basic pattern of income taxation for "complex" trusts. It is important to note, however, a trust may qualify as a simple trust for one taxable year but, in a subsequent taxable year when it distributes corpus as well as income, it will qualify as a complex trust.
8. N.Y. Est., Powers & Trusts sec. 7-1.5(a)(1) (McKinney 1977). See Caravaggio v. Retirement Board of Teacher's Retirement System of City of New York,36 N.Y.2d 348, 368 N.Y.S.2d 475, 329 N.E.2d 165 (1975); In re Knauth's Trust,12 N.Y.2d 259, 238 N.Y.S.2d 942, 189 N.E.2d 482 (1963). See also In re Goelet's Will,28 A.D.2d 149, 283 N.Y.S.2d 545↩ (1967) (exceptions to rule that income from spendthrift trust is inalienable).
9. Estate of Trunk v. Commissioner,550 F.2d 81, 84 (2d Cir. 1977) (quotations and citations omitted). See also Estate of Craft v. Commissioner,68 T.C. 249 (1977), affd. per curiam 608 F.2d 240↩ (5th Cir. 1979) (discussing the Tax Court's application of the parol evidence rule).
10. If, however, the gift or bequest can only be satisfied from the income of the trust it will not qualify.↩
11. Although petitioner attributes his past failure to report the income from trust distributions in part to the fact that the trustee did not provide him with statements, petitioner as a beneficiary is entitled to receive such information and to demand that the trustee provide certain accounting information. See, e.g., Frontier Excavating, Inc. v. Sovereign Const. Co.,30 A.D. 487, 294 N.Y.S.2d 994 (1968), motion denied 24 N.Y.2d 941, 302 N.Y.S.2d 820, 250 N.E.2d 228 (1969) (duty of trustee to keep and render accounts and duty to furnish beneficiary with information); Rosenblatt v. Birnbaum,20 A.D.2d 556, 245 N.Y.S.2d 72 (1963), affd. 16 N.Y.2d 212, 264 N.Y.S. 2d 521, 212 N.E.2d 37↩ (1965) (trustee may be required to account whether or not trust agreement provides). This Court, however, has no jurisdiction over the trustee to compel it to do so. Therefore, if petitioner encounters difficulty in the future, his remedies lie elsewhere.
12. If the taxable year of a beneficiary is different from that of the trust, the amount which the beneficiary is required to include in gross income is based on the amount of income of the trust for the year of the trust ending within the taxpayer's taxable year. Secs. 652(c) and 662(c)↩. Therefore, because the trust's taxable year ended February 28, 1980, petitioner must include the distributions he received from the trust for the period March 1, 1979 through February 28, 1980, in income for his taxable year ending December 31, 1980.